SAMUEL KISER *v.* AUGUSTUS M. SAWYER.

*Error from Leavenworth County.*

The chapter of Feb. 11, '59, on the construction of statutes, the 8th subd.
   of ¿ 1 of which provides that "the word 'land,' and phrases 'real estate'
   and 'real property,' include lands, tenements and hereditaments, and all
   rights thereto, and interest therein, equitable as well as legal" [Comp. L.,
   838], *held* applicable to the Civ. Code; and ¿ 433 of the latter [Comp. L.,
   194] *construed* to mean that the lands, tenements and hereditaments, and
   all rights thereto, and interest therein, equitable as well as legal, belong-
   ing to the debtor, and situate within the county where the judgment is
   entered, are bound for the satisfaction of the judgment from the first day
   of the term at which it is rendered.

So long as the debtor has personal property or real estate other than an
   equitable interest, subject to, and sufficient to satisfy the execution, an
   equitable interest cannot be sold; but when execution has been returned
   indorsed "No property," or "Unsatisfied," an equitable interest in, or lien
   upon real estate, ascertainable under ¿ 470 [Comp. L., 205], and ¿ 481
   [Comp. L., 208], of the Civ. Code, without controversy with the owner
   of the legal title, may be sold by a receiver pursuant to ¿¿ 480–1 of the
   code.

*Held*, that the showing of the equitable interest need not necessarily be by
   examination of the judgment debtor, but by any competent proof, by
   affidavit or otherwise, satisfactory to the court.   [¿ 472, Civ. Code, Comp.
   L., 206.]   The proceeding need not necessarily be before a judge: the
   court, "the greater," includes the judge, "the less."

*It seems* all the parties interested in the realty may be brought before the
   court.

On the 14th of May, 1864, defendant in error obtained
judgment against plaintiff in error in district court
for Leavenworth county, on which several executions
were returned unsatisfied.   At the time of the rendition
of the judgment, plaintiff in error owned an equitable
interest in certain real estate in that county, under a

contract to purchase the same. On the third of October, 1866, plaintiff in error sold his said interest in the contract and estate to third parties.

On the 3d day of October, 1867, the defendant in error made his motion for an order appointing the sheriff of the county a receiver in the cause, to sell, and for an order to sell, the said equitable interest of plaintiff in error in the lands, describing them, on the grounds that the interest was equitable, and could not be sold on execution in the ordinary way, and that the interest can be ascertained as between plaintiff in error and the U. P. R. Co., the holders of the legal title, without controversy. From the findings of the court below, it appears that the railway company and plaintiff in error appeared on the hearing of the motion, and evidence was given, under objection, of the holding, by plaintiff in error, of bonds from the railroad company, conditioned on payment of certain sums for the conveyance of real estate. The judgment was found to be a lien on the equitable interest, and the sheriff appointed a receiver, with orders to sell that interest. On exceptions preserved, to the proceedings and to the decision of the court, the case is brought to this court.

*James McCahon*, for plaintiff in error.

*A. M. Sawyer*, *per se.*

*McCahon* made the following points :

1. The judgment was not a lien on the interest in the real estate. *a.* Sec. 433, civil code, making judgments liens on "lands and tenements," was taken from the

Ohio statute, and had been construed by the Supreme Court of that state not to apply to an equitable interest, and this, prior to the adoption of the provision by our legislature. (8 *Ohio*, 21.) *b*. The law presumes that the provision was adopted with that construction. This construction is also sustained. (2 *Blackf.*, 436 ; 2 *Cow.*, 497; 1 *Greene*, 131.) *c*. "Lands and tenements" refer only to those to which the debtor has the legal title—a full title in fee. *d*. The legislative definition of "land" "real estate," &c., in sec. 1, subd. 8, of the act on construction of statutes, cannot have been intended to apply to the civil code as to vary the construction given it in Ohio, because—*e*. The construction of the 8th subdivision is repugnant to the context of the code. Subdivision 8, aforesaid, only professes to define "land" "real estate" and "real property;" it does not provide that the phrase "lands and tenements" shall include equitable interests in lands. It leaves that phrase undefined—to the construction already put upon it. *f*. Sec. 433 is found under the head of "executions against the property of the judgment debtor," and must be intended to apply only to such property as is subject to sale on execution. Sec. 470, under the head of "proceedings in aid of execution," provides that when a judgment debtor has not personal or real property, subject to levy on execution sufficient, any equitable interest which he may have in real estate shall be subject to the payment of such judgment by action, or as this chapter provides. Sec. 432, under the head of "executions against the property," &c., provides that lands, tenements, &c., shall be subject to the payment of debts, and to be taken in execution and sold, and bears the same relation to proceedings under that head that sec.

470 does to proceedings in aid of executions. *g.* An equitable interest in real estate is only subject to the judgment lien from the time an action or proceeding is commenced in aid of execution. (16 *N. Y.*, 543.) *h.* The legislature, by making a separate provision to reach equitable interests, as provided in § 470, and the subsequent sections of that chapter, did not intend that § 433 should apply to such interests.

2. The proceeding is not authorized by law. *a.* The receiver could be appointed only after an examination of the judgment debtor, and discovery of an equitable interest thereby. *b.* An order to sell could issue only in case of no controversy as to the legal or other interest in the land. It should appear that there was no controversy between the judgment debtor and his transferees, as well as between him and his grantors. *c.* The jurisdiction is given to the judge, and not the court, to make the order. (15 *How. Pr.*, 10 ; 17 *id.*, 80 ; *Voorhee's Code* [1865], 557, *note* "*a.*") *d.* If an equitable interest is subject to the lien, it is subject to levy; and the proceeding resorted to was uncalled for and unauthorized. Such proceedings are only authorized when the debtor "has not personal or real property subject to levy on execution." § 470, *Civ. Code;* 15 *How. Pr.*, 410 ; *Seney's Code*, 368, *note* 3.

*Sawyer*, for himself, submitted :

1. For the provision as to what can be sold on execution : Civ. Code, § 432. Upon what a judgment is a lien : *id.*, § 433.

2. The words "lands," "real estate," and "real property" construed : Comp. L., 838.

3. How an equitable estate should be reached : Civ.

Code, § 481. This is a separate provision, has no con-
nection with the preceding section, and is available
without an examination of the judgment debtor, under
§ 472, and without the appearance of third parties to
answer concerning their indebtedness to the judgment
debtor under § 476.

4. Where it has been decided that an equitable
estate is not liable to sale, the statutes of the state do
not contain provisions enlarging the meaning of the
words "lands," &c., to include all interests therein,
whether legal or equitable.

5. Subsequent purchasers have no reason to com-
plain; they purchased with notice of the judgment,
and of the existence of the law.

*By the Court*, SAFFORD, J.

The first, and perhaps the most important question
which is presented in this case, is as to the construc-
tion which should be given to § 433 of the code, or
rather, the first clause of said section; and it may be
stated thus; Do the words "lands and tenements," as
there used, include any other lands than those to which
a judgment debtor has, at the time of the rendition of
the judgment against him, a legal title? The plaintiff
in error contends that they do not, and cites as author-
ity, 8 O., 21. If there was no other provision of our
statute bearing upon this point, such a position might
be held to be correct, and the authority cited made
applicable. In that case, the clause referred to would
not be held to include an equitable interest in real
estate. But on turning to ch. 188, Comp. L. 1862, § 1,
subdivision 8, we find the following: "The word land,
and the phrases real estate and real property, include

lands, tenements and hereditaments, and all rights thereto and interests therein, equitable as well as legal."

The provision which is found contained in "An act concerning the construction of statutes," and applicable generally thereto, was passed by the same legislature which enacted the code, and both acts, the one containing this provision, and. the code, were approved on the same day, and took. effect at the same time.

It must therefore be presumed that the legislature deliberately considered the bearing which the provision last referred to would have on the former; and that it was intended so to bear, and to furnish an undoubted criterion or rule of construction, by which to determine what was meant when use was made in the statutes of the words defined and construed. Giving, then, to these two provisions of law their proper effect, and construing the first as affected by the latter, it must be held to provide and mean that the lands, tenements and hereditaments, and all rights thereto and interest therein, equitable as well as legal, belonging to the debtor and situate within the county where the judgment is entered, are bound for the satisfaction of such judgment from the first day of the term at which it is rendered. And here, it may be observed, is an instance where the rule contended for by plaintiff in error fails to be applicable or effective.

It is true that the legislature adopted section 433 from the Ohio code, but they did not adopt the construction given to it by the Ohio courts, as most clearly appears from a consideration of the other provision named above. The case, then, in 8 Ohio, is not in point.

Having arrived at the conclusion that Kiser's equitable interest in the real estate, as shown by the record,

was bound for the satisfaction of the judgment against him, it is proper to inquire whether or no the rules prescribed by the code were followed in seeking to subject such equitable interest to the payment of the said judgment.

Referring to those sections of the code which regulate sales of land, tenements, goods and chattels, upon executions, we find that where an equitable interest is sought to be sold, it is not done in the ordinary way ; but when this may be done, the course to be pursued is pointed out by §§ 470, 480, 481.   It is clear, from § 470, that so long as the debtor is possessed of personal property, or of real property, other than an equitable interest therein, and subject to levy, sufficient to satisfy the judgment, such equitable interest cannot be sold ; but when it is shown that he has no such property, which may be done by a return of executions indorsed "No property," or "Unsatisfied," out of which to satisfy the judgment, then any equitable interest which it is shown he may have in real estate, and which may be ascertained without controversy, or between himself and the person holding the legal estate or interest therein, or lien thereon, such interest may be sold by a receiver in accordance with the provisions of § 481. Keeping in view the mode of procedure pointed out in these provisions, was the action of the defendant in error in accordance therewith?   We think an examination of the record will furnish an affirmative answer. He caused executions to be issued against the judgment debtor, which were returned unsatisfied, and indeed nothing was made on them.   He then made an application to the court, showing what he had done, and the result, and asks for an order appointing a receiver (§ 480), and ordering the sale of an equitable

interest in real estate, of which he makes proof to the satisfaction of the court, that the debtor was possessed of at the time of the rendition of his judgment, and which was, therefore, bound for its satisfaction, as we have before seen.

The record also shows that the court was able to ascertain such equitable interest of the debtor, without controversy as between him and the persons holding the legal estate, and that all the parties were before the court.

Thereupon the order asked for was granted, the sheriff was made receiver, and the equitable interest ordered to be sold. It is claimed, with much earnestness, by plaintiff in error, that such order was unauthorized until the judgment debtor, or other witnesses, had first been examined in regard to his property, and the discovery made by such means, of his interest in the real estate. We do not think so. After the judgment creditor had discovered that his debtor had no other property out of which to satisfy his judgment, which he could do by the return of the executions he had caused to be issued "unsatisfied," and after he had made the further discovery of the equitable interest of his debtor in real estate, we think he had the right to show such facts to the court, in any way which might be satisfactory to such court, and ask for relief.

This section 481 seems to be an independent one, and substantially complete within itself as to the remedy intended to be afforded by it. It provides that if it shall appear that the judgment debtor has any equitable interest in real estate in the county in which the judgment is entered, &c., the receiver may be ordered to sell and convey such real estate, or the debtor's interest therein. How the fact of the debtor's having

such interest shall be made to appear, which fact is preliminary to the proceeding .in the section contemplated, is provided for in § 472, viz: "Upon proof by affidavit of the judgment creditor or otherwise, to the satisfaction of the court."

But it is further objected to this proceeding, that it ought to have been brought before a judge, and that such judge, while sitting as a court, could not entertain it. This can be no good reason, as it seems to us, for making such a distinction. It certainly can make no difference as to results in such cases, whether the judge acts as a judge alone, or as a court. Besides, the court, the greater, includes the judge, the less.

The judgment of the court below, in making the order complained of, is affirmed.

All the justices concurring.