Bowers H. Leonard, appellant, v. The White Cloud Ferry Company, appellee.

Judgment: MORTGAGE: PRIORITY OF LIENS. One M., after the recovery of a judgment against him in the district court, received a conveyance of real estate in the county where the judgment was rendered, which land he afterwards conveyed. Afterwards an execution was issued on the judgment and levied on the land in question. In an action by a subsequent mortgagee to enjoin the sale, upon the ground that M. was never in fact the owner of the land, but a mere agent, *held*, that the testimony failed to show that M. did not take the title as owner.

Appeal from the district court of Lancaster county. Tried below before Pound, J.

*Lamb, Billingsley & Lambertson*, for appellant, cited *Uhl v. May*, 5 Neb., 157. *Metz v. State Bank*, 7 Id., 165. *Dorsey v. Hall*, Id., 460. The rule laid down in *Filley v. Duncan*, 1 Neb., 134, should certainly be maintained in this case where a non-resident party took his title while it was in force, if it may be deemed to be in any manner shaken since. *Stiles v. Murphy*, 4 Ohio, 92. *Packer's Appeal*, 6 Penn. St., 277. *Lea v. Hopkins*, 7 Id., 492. *Calhoun v. Snider*, 6 Binn., 135.

*James E. Philpott*, for appellee, cited *Colt v. Dubois*, 7 Neb., 391. *Berkley v. Lamb*, 8 Id., 392.

Maxwell, Ch. J.

The allegations of the petition are in substance that on the eleventh day of January, 1875, the defendant recovered a judgment in the district court of Lancaster county against J. H. McMurtry, for the sum of $715 and costs; that on the first day of August, 1876, one George Keifer owned the east one-half of section 6, township 9, range 5, in Lancaster county, and on or

about that date, McMurtry, as the mere agent of John S. and E. Mary Gregory, traded to one Downing the north-west one-fourth of section 27, township 10, range 6, in exchange for a house and lot in Irvington, Indiana, and that said house and lot were traded for the land in question for said Gregorys; that the grantee's name was omitted from said deed at the time of its execution and delivery, but afterwards, in the absence of McMurtry and without his knowledge or consent, his name was inserted in the deed as grantee; that thereupon McMurtry traded the east one-half of section 6, township 9, range 5, to one Chappell, for another house and lot in Irvington, Indiana, of no value above the incumbrances, and a mortgage by said Chappell on the lands in question for $1,700, which was more than the value of the same, and that McMurtry turned over said mortgage and accompanying notes to the Gregorys, who immediately negotiated the same to the plaintiff; that all of the above trades and exchanges were mutually dependent one upon the other, and that the former of said exchanges would not have been made unless the latter had been effected; that said land was not then, nor is it yet, of greater value than $1,200 or $1,500; that Chappell is a non-resident of the state, and insolvent, and has paid no part of said debt nor the taxes on said land, and on the fifteenth day of November, 1877, the plaintiff took said land from Chappell in satisfaction of said debt, and received a deed of conveyance of the same; that McMurtry never was the owner or had any interest in said land, nor was it ever subject to the lien of said judgment, yet the defendant, under an execution issued out of said court upon said judgment, has levied upon said land and advertised said property for sale. It is also alleged that McMurtry was discharged by proceedings in bankruptcy from the payment of said debt. The prayer is for a decree

enjoining the sale, etc.   An answer and reply thereto were filed, which it is unnecessary to notice.   On the trial of the cause the court found the issues in favor of the defendant, and dismissed the action.   The plaintiff appeals to this court.

The record presents but one question of fact for our determination, viz., was McMurtry in fact the owner of the land conveyed to the plaintiff, or was he a mere trustee or agent, as the lien of the judgment would attach to no greater interest in the land than he possessed?   *Uhl v. May,* 5 Neb., 157.   *Metz v. State Bank,* 7 Id., 155.   *Galway v. Malchow* Id., 285.   *Dorsey v. Hall,* Id., 460.   *Mansfield v. Gregory,* 8 Id., 432.   But three witnesses testified in the case—McMurtry, John S. Gregory, jr., and the plaintiff.   The testimony of the plaintiff is confined principally to the value of the land. The testimony of McMurtry and Gregory clearly establishes the fact that the chattel mortgage was sold by McMurtry to one of the Lincoln banks, and the proceeds were applied to *his own use.*   If he was not the owner of the land in controversy, the proof fails to establish that fact.   This court held in the case of *Colt v. Dubois,* 7 Neb., 391, and *Berkley v. Lamb,* 8 Id., 392, that the lien of a judgment attached to after acquired lands.   If this rule is unsatisfactory it should be changed by the legislature and not by the courts, and we must adhere to our former decision upon that question.   Neither does the testimony show any ground upon which a court would be justified in declaring the lien of the plaintiff superior to that of the judgment.   As there is no error in the judgment it must be affirmed.

JUDGMENT AFFIRMED.