[Filed February 19, 1887.]

## WILLIAM EWING v. THOMAS F. ROURKE.

TRESPASS TO REAL PROPERTY—EQUITY—INJUNCTION DAMAGES.—A complaint in a suit for an injunction to restrain the commission of a trespass to real property, which shows that the trespass has already been committed and the wrong spent its force, and from which it appears evident that the principal object of the suit is the recovery of damages, and the injunction only incidental, does not state facts to warrant the interposition of a court of equity, and the plaintiff will be remitted to his action at law.

UMATILLA COUNTY. Plaintiff appeals. Affirmed, and complaint dismissed without prejudice.

*Lucian Everts*, for Appellant.

*John J. Balleray*, for Respondent.

THAYER, J.—The appellant commenced a suit in the circuit court for the county of Umatilla, by filing a complaint therein, and the issuance and service of summons. The respondent appeared and filed a demurrer to the complaint, which the court sustained; and thereupon the appellant, by leave of the court, filed an amended complaint, to which the respondent also demurred, and the court sustained the demurrer. The appellant having failed to take further proceedings in the suit, the court dismissed the complaint and gave costs against him.

The appeal is really from the decision upon the demurrer to the amended complaint, the appellant claiming that it was erroneous. He alleged, substantially, in his amended complaint that he was in the lawful possession of 160 acres of land in said county of Umatilla; that he acquired his possession and held said tract of land by entry and filing upon the same as a timber culture claim, under the act of Congress entitled, " an Act to encourage the growth of timber on the western prairies," passed March 3, 1873, and the amendments thereto ; and had received from the officers of the land office in which he made the entry a certificate, showing that said filing had been made ; that on or about the 19th day of February, 1885, ten acres of said land was and still is enclosed in a separate field, and planted by appellant in walnut, locust, and box-elder trees ; that appellant had within the general enclosure a substantial corral made of posts and poles, also a straw stack and an establishment for raising fowls and hogs ; and had on the premises a hundred hens, and for that purpose had erected a barn twelve feet by thirty in size, with a chicken house ; that he had fifteen acres of the land broken and sowed in wheat, and one acre broken but unsown at that date ; that one Albert

Noss was residing upon the premises as a tenant of the appellant, under an agreement to do the work and receive a share of the proceeds of the chickens and hogs that were being raised; that the respondent, on or about said 19th day of February, 1885, broke open the fence of said enclosure, and erected a small shanty; that it was so close to the corral and straw stack that appellant was deprived of their use; that said respondent also turned into said enclosure upon the growing wheat and grass, and stack of straw, his work-horses, and allowed them to remain there two months; that on or about the 1st of August, 1885, when the wheat upon the said enclosure was grown and ready to be harvested, the respondent entered into collusion with said Albert Noss, and pretended to purchase from him all of appellant's property upon the premises, and the possession of the premises, and thereupon seized the said wheat, claiming it as his own, and forbid, with threats and menaces, the appellant from harvesting it, and at the same time tore down the said barn and chicken-house, and hauled the lumber and a large quantity of other lumber away, and appropriated it to his own use; that the greater part of said tract was set in grass suitable for pasture; that it had been protected for the past three years by appellant's enclosure, and that the respondent, on or about the time he took away the barn, etc., broke open and left down the fences in many places inclosing the said premises, and has caused the said grass to be consumed by his own and his neighbor's stock; that respondent has broken open the fence around said ten acres of trees, and the cattle and horses of the neighborhood were running upon said trees and destroying them; and that respondent still continued to threaten to continue to trespass on said premises, and to keep his stock running thereon, and thereby to entirely prevent appellant from using and cultivating said land, to appellant's irreparable injury and damage; that appellant was still the owner and in the possession of said enclosure; that he was entitled to the possession of the same, and that he had been damaged in the sum of three thousand one hundred and fifty dollars by the acts and trespasses of the respondent, and he

demanded as relief that the respondent might be enjoined and inhibited from trespassing upon or in any way interfering with the said enclosure and premises; that it be adjudged and decreed by the court that the respondent had no lawful claim, right or interest in or to said inclosure, and that a judgment and decree might be rendered for said sum of $3,150 in his favor, and against the respondent, with costs.

These facts should entitle the appellant to relief, and no doubt would in a proper proceeding. It is very doubtful, however, whether they entitle him, in the shape they are pleaded, to an injunction. His claim to damages, of course, depends wholly upon his right to equitable relief. Damages in an equitable suit are merely incidental; though the appellant in this case seems to have made his claim for damages the principal ground of the suit, and the injunction incidental. It is plain to be seen that the appellant might have so framed his complaint as to have entitled himself to an injunction. If he had shown that the respondent was committing or continuing some act which would produce injury to the appellant, it would have been sufficient; but here the act had already been done; the damages had been incurred and were ascertainable. The conduct of the respondent in the premises was, according to the allegations of the complaint, lawless and highhanded, but, from all that appears therefrom, his acts were only a temporary affair, and the law affords an ample remedy for redress in damages. It is evident that the wrong has spent its force, though the appellant alleges that " the respondent still continues and threatens to continue to trespass on said premises, and to keep his stock running thereon," &c. This is no allegation of any fact—is only a conclusion. It does not appear that the respondent claims any right in the premises. His pretended purchase from Albert Noss of the property within said enclosure, and the possession of the premises, is the extent of the interest he is shown to have, or that he has attempted to assert, and its legality could be determined in an action in the nature of trespass *quare clausum fregit*.

If the allegations of the complaint showed that the respond-

ent was pursuing a course that interfered with the appellant's compliance with the provisions of said act of Congress through which he was endeavoring to obtain title to the tract of land, the latter would have an undoubted right to an injunction against the former. So, too, if it appeared that the respondent entertained a purpose to destroy or injure the trees planted by appellant upon the premises, and that there was danger of his accomplishing it. And, in granting such relief, the court would also take an account of the damages that had been done the appellant in the affair; but a court of equity ought not to be resorted to in order to obtain an award of damages as the principal ground of relief, which seems to me to have been the main object of the suit herein. Had the appellant commenced the suit prior to the time of the alleged breaking into the enclosure, and tearing down and removing the chicken house, and doing other acts complained of, there would have been grounds for an injunction, both preliminary and final; but he neglected its commencement for nearly a year after the breaking into the premises, and more than six months after the alleged collusion between the respondent and Albert Noss, and, as I understand, did not apply for a restraining order. It is apparent to my mind that the recovery of damages is the main object of the suit, and not the prevention of threatened injury. I see no other way than that the appellant should be remitted to his action at law ; but lest he might be concluded by a general decree in the suit from asserting a valid claim against the respondent, the decree herein will be without prejudice to another suit for the same cause. It will therefore be, that the complaint be dismissed without prejudice, and otherwise the decision appealed from will be affirmed.