NORFOLK STATE BANK, APPELLANT, v. MARTIN T. MURPHY ET AL., APPELLEES.

FILED JUNE 5, 1894.    No. 5658.

**Judgment**: TIME LIEN ATTACHES: MORTGAGES. A judgment of a district court in an action commenced prior to the term at which it was rendered, except a judgment by confession, is a lien upon the lands and tenements of the judgment debtor within the county from the first day of the term, no matter on what day of the term it was actually pronounced; and where a

mortgage on the real estate of the defendant is executed and recorded during the term, but before the rendition of such judgment, the lien of the judgment is superior to that of the mortgage.

APPEAL from the district court of Douglas county. Heard below before IRVINE, J.

See opinions for citations.

*Wigton & Whitham,* for appellant.

*Wharton & Baird, contra.*

NORVAL, C. J.

On the 24th day of June, 1890, appellee Fred W. Gray commenced an action in the district court of Douglas county against Martin T. Murphy to recover the amount due on a promissory note executed by Murphy. Summons was duly served upon Murphy on June 26, and at the September, 1890, term of said court, to-wit, on the 3d day of January, 1891, Gray recovered a judgment in said action against Murphy for $1,285.49 and costs. The September term, 1890, of the district court of the county of Douglas convened on the 22d day of September. After the commencement of said suit, and while the same was pending, on the 29th day of November, 1890, Murphy and his wife gave to appellant, the Norfolk State Bank, a mortgage upon certain real estate in Douglas county to secure the payment of a promissory note for $4,676.70, executed by Murphy to cover his overdrafts on the bank. The property described in the mortgage was owned by Murphy prior to the commencement of the term of court at which the judgment aforesaid was rendered. On the 11th day of September, 1891, the Norfolk State Bank brought its action in the court below to foreclose said mortgage, to which the Murphys, Fred W. Gray, and others were made defendants. Gray filed an answer, setting up said judgment, and

praying that the same be decreed a lien on the premises included in plaintiff's mortgage prior to the lien of the mortgage.   Upon the trial a decree was entered foreclosing the mortgage, but making the lien thereof junior to the judgment lien of Gray.

The sole question to be decided on this appeal is, which lien has priority, the mortgage or judgment?  The determination of the question necessitates an examination of section 477 of the Code of Civil Procedure, which reads as follows:

" Sec. 477.  The lands and tenements of the debtor within the county where the judgment is entered shall be bound for the satisfaction thereof, from the first day of the term at which judgment is rendered ; but judgments by confession, and judgments rendered at the same term at which the action is commenced, shall bind such lands only from the day on which such judgments are rendered.   All other lands, as well as goods and chattels of the debtor, shall be bound from the time they shall be seized in execution."

The language just quoted is too plain to admit of more than one construction, and that is, all judgments rendered in a district court in actions brought therein prior to the term, except judgments by confessions, become liens upon the real estate of the judgment debtor situate within the county from the first day of the term.   At common law all judgments of a court of record relate back to the first day of the term, and are regarded as rendered on that day, no matter on what day of the term they were actually entered.   Our statute is declaratory of the rule of the common law, and places all judgments of a district court, except rendered on confession, or in cases in which actions were instituted during the term, upon equality in regard to liens.   The judgment of Gray has relation to the first day of the term at which the same was recovered, and was a lien upon the lands owned by Murphy within the county from the first day of such term.   The same construction was

placed upon the statute in *Miller v. Finn*, 1 Neb., 294, and was followed in the case of *Colt v. Du Bois*, 7 Neb., 391.

· It is insisted by counsel for plaintiff in error that the section quoted merely determines the priority of liens of judgment creditors as between themselves; and further, that the lien of a mortgage duly recorded during a term of court, and before the entry of a judgment at that term, is para· mount to the lien of a judgment. We are unable to so construe the statute. It in express terms declares that "the lands and tenements of the debtor within the county where the judgment is entered shall be bound for the satisfaction thereof, from the first day of the term at which judgment is rendered." Plainer language could not have been selected. The lien of a judgment does not attach merely to the debtor's interest in lands when the judgment is obtained, but to whatever interest therein he possessed on the first day of the term at which the same was entered. To hold otherwise would be to make the law, and not simply to apply the same. A judgment being a lien upon real estate from the first day of the term, such lien is superior to the lien of a mortgage subsequently given by the debtor. To adopt the construction contended for by counsel would be injecting words into the statute by judicial interpretation, which we have no power to do. Had the legislature intended that the doctrine of relation as to lien of judgments should not apply where a mortgage is recorded before the judgment is actually entered, it would have used apt words indicative of such purpose. Our conclusion is that the lien of the mortgage is junior to that of the judgment. The construction we have given the section does not conflict with the prior decisions of this court cited in the brief of counsel, as a cursory examination of the cases will disclose.

In *Galway v. Malchow*, 7 Neb., 285, certain judgments were recovered against Malchow after the recording of a mortgage given by him to the plaintiffs. By mistake the land intended to be included in the mortgage was described

as being in section 28 instead of section 33.  It was held that the lien of the judgments were subject to the equity of the mortgage.  The proposition we have been discussing was not involved nor passed on in that case.  That decision simply affirms the doctrine that a judgment upon real estate is subject to all prior equities existing against the debtor at the time of its becoming a lien.  This court did not undertake to decide at what date the lien of a judgment attaches to the lands of the defendant.  The rule stated in *Galway v. Malchow* has been reaffirmed and applied in *Metz v. State Bank of Brownville*, 7 Neb., 165; *Mansfield v. Gregory*, 8 Neb., 434, 11 Neb., 297; *Leonard v. White Cloud Ferry Co.*, 11 Neb., 338; *Dewey v. Walton*, 31 Neb., 819.  It is unnecessary to point out the difference between the facts upon which they were decided and those in the case we are considering.  It is sufficient to say that in none of the cases mentioned was section 477 of the Code before the court for consideration, nor was the question raised by this record discussed therein.  Under the above authorities a judgment lien is subject to all prior liens on the land of the defendant; but this principle does not militate against the construction we have given section 477.  Had plaintiff's mortgage been made before the term of court at which Gray's judgment was entered, although recorded subsequent thereto, the cases would have some bearing here; but it was not so made, hence the judgment lien antedates the mortgage.  The effect of the decisions of this court is that a creditor acquires no better right to his debtor's property than the latter himself has.  The lien of a judgment is subordinate to all equities which existed in favor of third parties when the lien of the judgment attaches.  In other words, the lien of a judgment is limited to the actual interest the debtor has in the property.

Another decision of this court relied on by the appellant is *Horn v. Miller*, 20 Neb., 98.  It was there ruled that the time within which to perfect an appeal taken from a

decree of the district court begins to run from the date on which the court formally announces its conclusion and judgment, and not from the date on which the clerk enters the same on the court journal. *Horn v. Miller* was expressly overruled in *Bickel v. Dutcher*, 35 Neb., 761, it being there decided that the time within which an appeal may be taken does not commence running until the decree is entered of record. For the purposes of an appeal, the date of a judgment is deemed to be the time it is actually spread upon the records, but that is no reason for holding that the lien of a judgment does not attach until that time. The language of the section relating to the time for perfecting appeals is quite different from the provision on the subject of judgment liens. For the purpose of an appeal the date of a judgment is regarded as having been rendered at one time, while for the purpose of binding the lands of the debtor, by legal fiction, it is considered as having been entered at a date often anterior to the time it was pronounced by the court.

The decisions of this court to the effect that a judgment does not become a lien upon the lands of the defendant, as against a subsequent purchaser, without notice, until properly indexed have no application to the case at bar, since plaintiff is not such a purchaser. It is not even a good-faith mortgagee. The bank did not extend credit to Murphy on the strength that the land was free from liens, but the mortgage was given to secure a prior indebtedness of the mortgagor. When the security was taken the officers of the bank knew, or ought to have known, that the records of the district court of Douglas county disclosed that the action was pending against Murphy, and that a judgment might be recovered therein during the term which would be a lien on the land. We are unable to perceive that the statute relating to *lis pendens*, section 85 of the Code, has any bearing upon the question under consideration, since in actions at law to recover money judgments, merely,

no notice of their pendency is required to be given to third parties.   It is only in a suit brought to affect the title to real property that the statute requires that notice *lis pendens* shall be given.   The pendency of an action to recover a money judgment is of itself notice to any one purchasing the lands of the defendant during a term of court that before the close of the term the plaintiff may recover a judgment therein which will be a lien upon said real estate. We know that text-writers state the general rule to be that judgments do not relate back to the first day of the term so as to create a lien on the real estate of the defendant anterior to their rendition, and such is the trend of decisions of the courts in most of the states.   But it should be remembered that all the states, excepting a few, have statutes which in express terms provide that judgments shall become liens upon the lands of the debtor, either from the date on which they are rendered, or the last day of the term. (Black, Judgments, sec. 443.)   Such, however, is not the common law rule, nor is it the doctrine in states having statutes similar to our own.   Mr. Black, in his treatise on Judgments, at section 441, observes that "it was the rule of the common law (and this rule still obtains in some of the states) that the judgments of a court of record all relate back to the first day of the term, and are considered as rendered on that day; and therefore their lien will attach to the debtor's realty from the beginning of the term, and will override a conveyance or mortgage made on the second, or any succeeding day, although actually prior to the rendition of the judgment."   True, the same author in the next section says that "as against intervening purchasers it may be regarded as settled that the lien of a subsequent judgment will not attach, justice forbidding that in such a case it should relate back to a time anterior to the conveyance;" citing *Morgan v. Sims*, 26 Ga., 283; *Pope v. Brandon*, 2 Stewart [Ala.], 401, 20 Am. Dec., 49.   The same doctrine is stated in a note on page 115 of volume 12

American & English Encyclopedia of Law, and the following, in addition to the Georgia case above referred to, are cited in support thereof: *Skipwith v. Cunningham*, 8 Leigh [Va.], 272; *Withers v. Carter*, 4 Gratt. [Va.], 407; *Brockenbrough v. Brockenbrough*, 31 Gratt. [Va.], 580.

An examination of the foregoing authorities will disclose that all but one fall far short of sustaining the principle they are cited to support.

In *Withers v. Carter*, 4 Gratt. [Va.], 407, a judgment and a decree were rendered at the same term of court, the former eleven days before the latter. The question was whether they were both of equal priority. The court held that the lien of the judgment was superior to that of the decree, inasmuch as the case in which the decree was obtained was not in such a situation as to entitle plaintiff to a final adjudication on the first day of the term. We quote the following from the syllabus of the case: "The fiction of law which gives a judgment relation to the first day of the term applies to all cases in which the judgment might have been rendered on that day, but not to a case in which it could not have been then rendered." The above case was cited with approval and followed in *Yates v. Robertson*, 80 Va., 475.

*Skipwith v. Cunningham*, 8 Leigh [Va.], 271, was this: At the October term, 1827, of the superior court of Petersburg, to-wit, on the 17th day of October, Humbertson Skipwith, executor, recovered a judgment against one Richard M. Cunningham for $4,187.88. The October term should have commenced on the 15th day of October, but owing to the failure of the judge to attend sooner the court did not actually convene until three days later. On the 13th day of October, 1827, Cunningham executed a deed of trust upon his real estate to secure certain creditors, which deed was recorded on October 15. The court adhered to the doctrine laid down in the former decisions in *Mutual Assurance Society v. Stanard*, 4 Munf.

[Va.], 539, and *Coutts v. Walker*, 2 Leigh [Va.], 268, to the effect that a lien of a judgment relates back to the commencement of a term at which it was recovered and has priority over a deed of trust on the land of the defendant executed on or after the first day of the term. The court also held that the day on which the court actually commences its session, and not the day appointed by law for the beginning of the term, should be regarded as the first day of the term. The court in the syllabus say: "It is well settled as a general rule, that the lien of a judgment upon the land of the debtor relates back to the commencement of the term at which the judgment was obtained, and overreaches a deed of trust on the land executed by the debtor on or after the first day of the term. But the term is not considered as necessarily commencing on the day appointed by law for its commencement. A deed admitted to record on the day appointed for commencing the term, but before the day on which the court actually commences its session, will be unaffected by the lien of the judgment."

In *Brockenbrough v. Brockenbrough*, 31 Gratt. [Va.], 580, the question arose as to which of the two judgments was the prior lien, both being rendered at the same term of court, one on the first day thereof, and the other on the last day. The court held that both judgments related back to the first day of the term, and that there was no priority between them. Burks, J., observes: "It is further contended that if the judgment is not void the appellant's judgment has priority as a lien. The latter was a judgment by default in a pending suit, and has relation to the first day of the term of court in which it was rendered. The judgment of Settle was confessed in the same court and on the first day of the same term. Both must be treated as judgments rendered on the same day, at the same time. Neither has precedence over the other in point of time. In such case the court takes no notice of the fractions of a day;" citing *Coutts v. Walker*, 2 Leigh [Va.],

268; *Skipwith v. Cunningham*, 8 Leigh [Va.], 271; *Withers v. Carter*, 4 Gratt. [Va.], 407; Freeman, Judgments, secs. 369, 370.

*Morgan v. Sims*, 26 Ga., 283, was based upon a statute entirely different from section 477 of the Code of this state. In Georgia the statute relating to the liens of judgments provides that the property of the defendant "shall be bound from the signing of the first judgment; but where several judgments shall be of equal date the first execution delivered to the sheriff shall be first satisfied." (Cobb, Analysis and Forms, 89.) Under such a provision the court very properly held that the judgment was a lien from the time of the signing thereof, and that the doctrine of relation did not apply.

In the Alabama case, *Pope v. Brandon*, 2 Stewart [Ala.], 407, the doctrine contended for by appellant herein was held and applied. Other cases may be found which are in line with *Pope v. Brandon*, but they are almost wholly influenced by local statutes. The following authorities sustain the construction we have given section 477 of the Code: *Urbana Bank v. Baldwin*, 3 O., 65; *Jackson v. Luce*, 14 O., 514; *Davis v. Messenger*, 17 O. St., 231; *Doe v. Bank of Cleveland*, 3 McLean [U. S.], 140; *Mutual Assurance Society v. Stanard*, 4 Munf. [Va.], 539; *Coutts v. Walker*, 2 Leigh [Va.], 268; *Horsley v. Garth*, 2 Gratt. [Va.], 474; *Kellerman v. Aultman*, 30 Fed. Rep., 888; *Farley v. Lea*, 4 Dev. & Battles Law [N. Car.], 169; *Norwood v. Thorp*, 64 N. Car., 682; *Porter v. Earthman*, 4 Yerg. [Tenn.], 358.

The case of the *Urbana Bank v. Baldwin*, 3 O., 65, was this: Josiah Baldwin conveyed to C. and E. B. Cavileer certain real estate in Clark county, the deed bearing date November 21, 1820. The November term, 1820, of the court of common pleas of that county commenced on the 20th day of that month, and on the same day the Urbana Bank commenced a suit against Baldwin and others.

After service of summons, and on the 25th day of the same month, judgment was rendered against the defendants served upon confession.   Subsequently, on September 4, 1826, the real estate conveyed to the Cavileers was levied upon to satisfy the judgment.   A motion was made by the purchasers under Baldwin to set aside the levy.   The supreme court held that the judgment was a lien upon the land, although it had been sold by the judgment debtor four days prior to the rendition of the judgment, but subsequent to the commencement of the term of court.

In *Jackson v. Luce*, 14 O., 514, the facts were these : At the April term, 1842, of the court of common pleas of Ashtabula county, which commenced on the 10th day of the month, plaintiff recovered a judgment against the defendants for $1,474.37.   The judgment was obtained by confession on April 20.   On April 7 the defendants executed a mortgage to one Eastman upon certain real estate in the county to secure the sum of $2,300, which mortgage was filed for recording on April 12.   In an action brought to settle the priorities of the lien of the judgment and mortgage the court held that the judgment operated as a lien upon the land from the first day of the term, and was superior to the lien of the mortgage.

*Bank of Cleveland v. Sturges*, 2 McLean [U. S.], 341, arose in Ohio.   It was a contest between a mortgagee of real estate and a judgment creditor of the mortgagor.   The judgment was recovered the second day of the term of court, and the mortgage was recorded the same day.   It was ruled that under the statute of Ohio the lien of the judgment was paramount, since it took effect on the first day of the term.   To the same effect is *Doe v. Bank of Cleveland*, 3 McLean [U. S.], 140.

It is urged that the two Ohio cases referred to and the decisions reported in 2 and 3 McLean were decided under a statute materially different from the one relating to the liens of judgments in this state.   The statute in force in

Ohio when said cases arose declares "that the lands and tenements of the debtor shall be bound for the satisfaction of any judgment against such debtor, from the first day of the term at which judgment shall be rendered, in all cases where such lands lie within the county where the judgment is entered, and all other lands, as well as the goods and chattels of the debtor, shall be bound from the time they are seized in execution." (Laws of Ohio, 1824, p. 108; Swan's Ohio Statutes, 1841, p. 467; 3 Chase's Statutes, 1709.) The only difference between the foregoing provision and our section 477 is this: Under the Ohio statute, all judgments, whether by confession or not, become liens from the first day of the term at which they are entered, while under ours, judgments by confession and judgments rendered at the same term at which the actions are commenced become liens from date of rendition. All other judgments in this state relate back to the first day of the term, and are liens from that date. It requires no argument to show that the Ohio decisions, to which reference have been made, are entitled to great weight in construing our statute; in fact, the statutory provisions of the two states being so nearly alike, and ours having been adopted in 1858, after the highest court of Ohio had construed the section above quoted, the precedents are almost, if not quite, conclusive upon the question under consideration. Our section 477 is precisely the same as section 421 of the present Code of Ohio, which was enacted in that state in 1853. (Swan's Statutes, 1854, p. 675.) After the legislature of Ohio had adopted the statute relating to liens of judgments, of which ours is a literal copy, the supreme court of that state in 1867, in *Davis v. Messenger*, 17 O. St., 231, held that a judgment operates as a lien upon the lands of the defendant from the first day of the term, and is superior to a mortgage recorded during the same term, although prior to the date of the judgment. In that case the plaintiff recovered a judgment against Joseph

Johnston in the court of common pleas of Union county at the May term, 1859, of said court, which began at 12 o'clock noon on the 9th day of said month. The judges of said court, under and in pursuance of the statute of that state, issued an order specifying that the term would commence at 10 o'clock on said day, which order was spread upon the journal of the court, as required by said law. Johnston executed a mortgage to the defendant Messenger on one hundred and twenty acres of land situated in said county, and owned by Johnston, which mortgage was delivered for record on the 9th day of May, 1859, at 11 o'clock A. M. The trial court held that the lien of the judgment did not attach until the court actually commenced, and that the lien of the judgment was junior to that of the mortgage. On error to the supreme court the judgment was reversed, the court holding that the judgment lien had priority over that of the mortgage. This case is precisely in point.

A construction has been placed on section 477 of the Code in *Kellerman v. Aultman*, 30 Fed. Rep., 888, which arose in the circuit court of the United States for this district. On the 4th day of February, 1883, the defendants recovered a judgment against one Van Slyke in a suit commenced in October, 1882. The judgment was rendered at the January term, 1883, the term commencing on the first Monday in January. On January 17, 1883, but prior to the entry of the judgment, Van Slyke conveyed the lands in controversy, which he had owned for several years, to the plaintiff's grantor. Execution was issued and levied upon said lands under said judgment, and plaintiff brought an action to restrain the sale thereunder. Judge Brewer, after citing section 477 of the Code, held that the judgment was a lien from the first day of the term, and took priority in date over the conveyance.

We have been unable to find, although we have made diligent search, a single decision under a statutory provis-

ion similar to the Nebraska statutes which sustains the contention of counsel for appellant. We do not think that the district court erred in giving the judgment priority over the mortgage. The decree is

AFFIRMED.

IRVINE, C., having presided in the court below, took no part in the above decision.

RYAN, C., dissenting.

The case at bar presents the question of priority as between the lien of a judgment rendered in a case continued from a former term, as against the rights of a mortgagee under a mortgage taken and recorded prior to the rendition of the judgment, but during the same term. The writer hereof conceives that there is a difference in priority between mere liens upon real property, both of them having their origin during the same session of court, and the lien of a judgment rendered during a term, but subsequent to a conveyance by deed of the property attempted to be charged with the lien of a judgment. In the latter case it would seem that at the time of the rendition of the judgment the defendant is possessed of no interest in the real property upon which a general judgment could be operative, hence the difference in the principles above stated. ·

Section 477 of the Code of Civil Procedure provides that "the lands and tenements of the debtor within the county where the judgment is entered shall be bound for the satisfaction thereof, from the first day of the term at which judgment is rendered," etc. There are other classes of cases included within the provision of this section, but the language quoted is all that is applicable to the matter under consideration. It is contended that the term "the lands and tenements of the debtor" refers to the first day of the term at which judgment is rendered, and that, therefore, this provision should be construed as though it read,

the lands and tenements of the debtor which he owned on the first day of the term shall be bound for the satisfaction of a judgment rendered, no matter at what time during that term.    In passing it may be observed that the literal construction contended for would exclude any lands or tenements of the debtor acquired subsequently to the first day mentioned, a conclusion which has been repudiated by this court.    It seems to the writer hereof that a more natural and reasonable construction would be that which would cause a paraphrase of the language to read as follows: The lands and tenements of the debtor owned by him when the judgment is rendered shall be bound for the satisfaction thereof, from the first day of the term at which such judgment is rendered.    Any other construction renders the judgment lien operative against lands not owned by the debtor when the judgment is entered, a construction which seems incompatible with several of the decisions of this court.

In *Colt v. Du Bois,* 7 Neb., on page 394, is found the following language of Judge GANTT, referring to the lien of a judgment upon real property acquired after the rendition of a judgment: "The lien is neither a *jus in re* nor a *jus ad rem,* and amounts only to a security against subsequent purchasers and incumbrances. (4 Kent, Com., 437.) It confers only the right to levy on the land to the exclusion of other adverse interests subsequent to the rendition of the judgment, and this right applies to all the lands and tenements of the debtor in the county where the judgment is entered, whether held by him at the time of the rendition or subsequently acquired."

In *Galway v. Malchow,* 7 Neb., 285, the subject under discussion was whether or not the lien of a judgment should be declared paramount to the lien of a mortgage as against lands which the mortgage, by reason of a mistake, failed properly to describe, and it was held that the judgment was within the class of cases against which the mortgage

had become effective irrespective of the record thereof as provided by section 16, chapter 43, Revised Statutes. Judge LAKE, discussing the lien of the judgment in this case, said: "And this lien is a legal one and does not exceed 'the actual interest which the judgment debtor had in the estate at the time the judgment was rendered.' (*Brown v. Pierce*, 7 Wall. [U. S.], 205.) It is well settled that a judgment lien on the land of a debtor is subject to every equity which existed against the debtor at the rendition of the judgment, and courts of equity will always limit the lien to the actual interest of the judgment debtor. (Freeman, Judgments, sec. 357, and cases cited; *Swartz v. Stees,* 2 Kan., 236.)"

In *Berkley v. Lamb,* 8 Neb., on page 399, will be found the following language of MAXWELL, C. J., to-wit: "In the case of *Colt v. Du Bois,* 7 Neb., 391, it was held that the lien of a judgment attaches to all the lands and tenements of the debtor in the county where the judgment is rendered, whether held by him at the time of its rendition or subsequently acquired. We adhere to that decision, but the lien of the judgment attaches only to the interest of the debtor in the land (*Filley v. Duncan,* 1 Neb., 145; *Uhl v. May,* 5 Neb., 157; *Galway v. Malchow,* 7 Neb., 285), and the lien can attach to no greater interest than that owned by the debtor." COBB, J., approved of the line of argument of the chief justice, and the dissent of LAKE, J., is mentioned at the end of the above opinion, but there is given no statement of the grounds of that dissent, though, in view of his language in *Galway v. Malchow,* quoted above, it could hardly have applied to the portion of the opinion of the chief justice just quoted. This inference finds countenance in the following language in the opinion filed by LAKE, J., in *Mansfield v. Gregory,* 11 Neb., on page 298: "The lien of an ordinary judgment on the real estate of the debtor is not specific but general, and is subject to all prior liens, either legal or equitable. (*Metz v. State Bank of*

*Brownville,* 7 Neb., 165.) Such lien does not exceed the actual interest of the judgment debtor in the land and is subject to every equity therein existing against the debtor at the time of its rendition. (*Galway v. Malchow,* 7 Neb., 285.)"

In *Leonard v. White Cloud Ferry Co.,* 11 Neb., 338, and in *Dewey v. Walton,* 31 Neb., 819, this court again reiterated and enforced the rule that the lien of a judgment could attach to no greater interest in the land than the defendant possessed, citing the authorities above referred to and quoted from. This may, therefore, be accepted without question as fully settled in this state, and it therefore becomes important to consider what interest a defendant retains in real property after his conveyance thereof. Section 50, chapter 73, Compiled Statutes, provides that "every conveyance of real estate shall pass all the interest of the grantor therein, unless a contrary intent can be reasonbly inferred from the terms used."

In *Edminster v. Higgins,* 6 Neb., 265, this court had under consideration the right of a vendor to a vendor's lien upon real property for its purchase price, and MAX-WELL, J., in the opinion filed, used the following language immediately following section 50, *supra,* which he had just quoted: "The obvious intention of the registry act is to give notice to all persons who may have occasion to ascertain whether there has been any prior incumbrance or conveyance of any real estate, and the notice given by the record is as effectual in law as personal notice to the party to be affected by it. The policy of our law is to discourage secret liens and to require all instruments affecting the title of real estate to be entered of record. The law thus places the means within the reach of every one desiring to purchase real estate of ascertaining the condition of its title." The opinion just referred to contains the following language almost at its close: "We are clearly of opinion that the doctrine of a vendor's lien in a case like the one at bar

is repugnant to our statutes in relation to real estate, and is, therefore, no part of our law." It is difficult to imagine why these considerations are not applicable to the lien of a judgment obtained after the first day of the term at which it was rendered, as affecting a conveyance meantime made by the defendant. It may be claimed, however, that the pendency of the action constructively affects with notice of the result all parties who contemplate purchasing real property of the defendant. The law governing *lis pendens* is found in section 85 of the Code of Civil Procedure. It provides that "when the summons has been served, or publication made, the action is pending so as to charge third persons with notice of pendency, and while pending, no interest can be acquired by third persons in the subject-matter thereof, as against the plaintiff's title." This language is followed by a long proviso, probably intended to require the filing in the office of the county clerk, or register of deeds, of a notice defining the object of the action, its subject-matter, etc. As this proviso was intended as a limitation most likely, though as to its effect there is no great certainty, the part above quoted is that upon which alone, if at all, a judgment lien in the case supposed can be made effective as against the purchaser of real estate. It cannot escape observation that by the provisions of section 85 notice is implied to third parties of the pendency of the action, and that while the action is pending third persons can acquire no interest in such subject-matter as against the plaintiff's title.

As has already been noted, it was stated in *Colt v. Du Bois*, 7 Neb., 394, by Judge GANTT in delivering the opinion of this court, that a judgment lien is neither a *jus in re* nor a *jus ad rem*, and amounts only to a security against subsequent purchasers and incumbrancers. The language of section 85 implies that notice *lis pendens* is restricted entirely to the plaintiff's title to the subject-matter in dispute and, therefore, could operate only where the sub-

ject-matter litigated is a *jus in re* or a *jus ad rem.* The case of the *Lincoln Rapid Transit Co. v. Rundle,* 34 Neb., 559, quotes from text-writers of approved authority, illustrating the origin, necessity, and application of the rule of *lis pendens,* laid down in section 85 of the Code of Civil Procedure, harmoniously with the views just expressed. The conclusion is irresistible that the pendency of a suit which finally culminates in a judgment during the term is not notice that such a lien may arise incidentally thereto as against a conveyance meantime made, for the very good and sufficient reason that it is not justified by the terms of section 85 just referred to. If a purchaser is not bound by the notice *lis pendens* as to the liens incident to and arising out of a judgment subsequently rendered against his grantor, and if the judgment lien is effective only against the interest of the judgment defendant, as it is believed has been conclusively shown by the decisions of this court, the conclusion is inevitable that the lien of the judgment can have no relation back of its origin to the prejudice of a purchaser of real property of the defendant pending suit for the recovery only of a money judgment. This conclusion has been reached on other lines of inquiry, as will appear by the following quotations and the cases cited in support of each:

"A judgment will not be considered to relate to the first day of the term for the purpose of giving it priority over a conveyance to a purchaser for value and without notice." (12 Am. & Eng. Ency. of Law, page 115, citing in note the cases following: *Morgan v. Simms,* 26 Ga., 283. See, also, *Skipwith v. Cunningham,* 8 Leigh [Va.], 272; *Withers v. Carter,* 4 Gratt. [Va.], 407; *Brockenbrough v. Brockenbrough,* 31 Gratt. [Va.], 580.)

In section 442 of Black on Judgments is found the following language: "As against intervening purchasers, it may be regarded as settled that the lien of a subsequent judgment will not attach, justice forbidding that in such

52

a case it should relate back to a time anterior to the conveyance;" citing *Morgan v. Simms*, 26 Ga., 283, and *Pope v. Brandon*, 2 Stew. [Ala.], 401, 20 Am. Dec., 49.

In section 369 of Freeman on Judgments the rule is thus stated: "However the fiction of law by which judgments are considered as being rendered on the first day of the term may affect one judgment lien in a contest with other liens of the same nature, it seems to be generally conceded that it cannot prejudice the interests of *bona fide* purchasers. Whenever a purchaser before the signing of judgment without notice, and without being guilty of any fraud, acquires an interest in real estate, that interest cannot be charged with the lien of any judgment subsequently entered against his grantor, though such judgment might, as between itself and other judgments, rank as though entered at the beginning of the term and at some time prior to its actual rendition. In Virginia the rule that judgments relate to the first day of the term has always prevailed, unless the court in fact met for the term on a day subsequent to that appointed by law for the first day of the term, in which case a judgment lien was decided not to overreach a conveyance recorded before the day on which the court met, though after the time when it ought to have met. In order to rank as of the first day of the term at which it was rendered, the judgment must be the final determination of an action which was in such a condition that it might have been tried and disposed of on the first day if it had happened to have the first place on the calendar. The reason why judgments rendered at different dates were ever treated as of equal rank was because all the cases ready to be tried at the opening of a given term were equally entitled to the precedence arising from being first decided; and in order to avoid giving any suitor an advantage due entirely to the fortuitous circumstance that his cause was first called for trial, it was thought proper, by aid of a legal fiction, to assign his judgment a place in

nowise superior to that assigned to others equally entitled to precedence."

It is the belief that an examination of the cases upon this subject will sustain the utterances of the text-writers quoted from, in relation to conveyances of real estate made during the term at which judgment is rendered. The language last above quoted indicates the reason why the statute fixed the rule as between the lienors by virtue of judgments, and it is believed that portion of the statute should not be extended so as to include rights other than those in the nature of liens upon the property in the hands of a judgment debtor at the time of the rendition of judgment.

In thus broadly stating the rule as to conveyances made during the term at which judgment is subsequently rendered, the case of *Kellerman v. Aultman*, 30 Fed. Rep., 888, has not been overlooked. In the case referred to, Brewer, circuit judge, after quoting section 477 of the Code of Civil Procedure, used the following language: "As the action in which the judgment of *Aultman v. Van Slyke* was rendered was commenced before the January term, the plain import of the language of this section carried the judgment lien back to the first of the term and to a day before the conveyance of Van Slyke. This section is identical with those found in the statutes of Ohio and Kansas, and has by the courts of this state, as well as of those, received a uniform construction. (*Urbana Bank v. Baldwin*, 3 O., 65; *Jackson v. Luce*, 14 O., 514, *Davis v. Messenger*, 17 O. St., 231; *Kiser v. Sawyer*, 4 Kan., 503; *Miller v. Finn*, 1 Neb., 294; *Colt v. Du Bois*, 7 Neb., 394.) In this last case the court uses this language: 'The rule will not be questioned that under our statute relative to judgment liens, all judgments rendered during the term in actions commenced prior thereto are liens on all the lands of the debtor within the county from the first day of the term.' These authorities, especially those from the supreme court of this state, cons'ruing the effect of one of its statutes,

puts the question at rest." It is clear from the language of Brewer, J., just quoted, that his opinion was largely based upon the language quoted from *Colt v. Du Bois*, 7 Neb., 393. As illustrating the slight examination which the learned judge must have given to that case, it will be profitable to examine the facts under consideration in the case of *Colt v. Du Bois*. From the opinion of GANTT, C. J., we learn that on the 18th of October, 1872, O. J. Martin, one of the defendants, acquired possession of a certain tract of land in Lancaster county, Nebraska. The remaining statement of facts I quote from the opinion, as well as the language quoted by Brewer, J., in the connection in which it occurred. That "in August, 1872, Isaiah Koppuck commenced an action against O. J. Martin in the district court of said county, and on the 30th of October, 1872, at a regular term of said court which was begun on the 1st day of the same month, he recovered a judgment against said defendant Martin in said action. Afterwards Koppuck assigned this judgment to defendant J. W. Hartley, who thereby became the legal owner of the same. On the 2d of November, 1874, O. J. Martin and Ann, his wife, executed and delivered to S. C. Colt, plaintiff in error, a mortgage on all the above described lands. The plaintiff complains that under these facts the court below erred in deciding that the Koppuck judgment assigned to Hartley had priority of lien over his mortgage. It is insisted that the judgment in this case has relation to the first day of the term at which it was rendered, and as all the lands described were subsequently acquired by defendant O. J. Martin, the judgment created no lien upon any of these lands, though the title was acquired before the rendition of the judgment, and, therefore, the plaintiff's mortgage has priority of lien over the judgment. The rule will not be questioned that under our statute relative to judgment liens, all judgments rendered during the term in actions commenced prior thereto are liens on all the lands

of the debtor within the county from the first day of the term. This interpretation is given to the statute in the case of *Miller v. Finn*, 1 Neb., 294, and it places all such judgments entered at the same term upon equality in regard to liens, and thereby does equal justice to creditors whose judgments are necessarily entered on different days of the terms."

The quotation which has just been made includes the language quoted by Brewer, J., which he regards as decisive of the question as to the rights of a grantee under a deed made during a term at a date prior to the rendition of the judgment. The case actually under consideration by this court in the case of *Colt v. Du Bois, supra,* involved the right of a judgment lien-holder as against a mortgagee, not as against the grantee under a deed. The case of *Miller v. Finn,* relied upon by Brewer, J., in that opinion, is correctly and fully summarized in the language which we have just quoted from *Colt v. Du Bois.* It will thus be seen that in neither of the Nebraska cases relied upon by Brewer, J., was there involved any question of the rights of the holder of real estate under a deed. This distinction is important in view of the provisions of section 50, chapter 73, that every conveyance of real estate shall pass all the interest of the grantor therein unless a contrary intent can be reasonably inferred from the terms used. As to a mortgage, the provisions of section 55 of said chapter 73 are that, "in the absence of stipulations to the contrary, the grantor of real estate retains the legal title and right of possession thereof." And the rule governing mortgages affords no analogy as to the principle which should be applied to absolute conveyances.

The other cases cited by Brewer, J., in *Kellerman v. Aultman* are equally wide of the mark. For instance, in *Urbana Bank v. Baldwin,* 3 O., 65, the entire opinion of the court is as follows: "The case may be a hard one, but the law is clear in favor of the plaintiff's lien. The suit was pending

on the first day of the term, and when that is the case the judgment relates back to that date, no matter on what day of the term it was confessed. There can be no reason for the court to restrain the words of the statute in this case that would not apply to every other. It does not follow that the lien must extend to the first day of the term if no process was then pending. It is sufficient, however, to decide that case when it comes up for decision." The principle decided in the case of *Jackson v. Luce*, 14 O., 514, cited by Brewer, J., in support of his conclusion, is comprehensively stated in the syllabus in the following language: "A judgment entered by confession during the term of court of common pleas operates as a lien upon the land of the judgment debtor from the first day of the term, and is to be preferred to the lien of a mortgage, executed before, but not recorded till after the commencement of the term." The sole remaining case cited by Brewer, J., is that of *Kiser v. Sawyer*, 4 Kan., 503, in which the court had under consideration the term "lands, tenements, and hereditaments," and the question was, whether or not a statute providing that the lands and tenements should be bound for the satisfaction of a judgment included an equitable as well as a legal interest therein. It was held in that case that the lien of a judgment operated against the equitable as well as the legal estate in lands and tenements of the debtor, which equitable estate might be reached under the provisions of the Kansas statute applicable to cases of that kind. This was the only question that was decided, and as the supreme court of Kansas reached a different conclusion from that attained by this court in the case of *Nessler v. Neher*, 18 Neb., 649, in which the lien of a judgment was held not to attach to a mere equity in real estate, the Kansas case is of no value in the matter under discussion. From this review of the authorities relied upon by Brewer, J., it is apparent that the opinion rendered by him in the case of *Kellerman v. Aultman* has very little practical value,

for it is evident that he gave the case but very hasty consideration. The positive terms in which the contrary rule is laid down in Black on Judgments, in the American & English Encyclopedia of Law, and in Freeman on Judgments, supported as these text-writers are by the authorities cited, should have a much greater weight than should be accorded to the opinion of Judge Brewer referred to.

In view of the language of our statute, the former holdings of this court, the great injustice which would be wrought by any other holding, it is believed that the lien of a judgment which is rendered subsequent to a conveyance by the defendant of real property ought not to be held superior to, or in contravention of, the interest the grantee acquired by such conveyance.

RAGAN, C., concurs.