Cole v. Duke.

---

No. 8807.

COLE v. DUKE.

INJUNCTION.—An application for an injunction will be denied when it appears that the act sought to be enjoined has already been committed.

From the Howard Circuit Court. .

C. N. Pollard, for appellant.

J. W. Kern and D. A. Wood, for appellee.

BEST, C.—The appellant brought this suit against the appellee, as the clerk of the city of Kokomo, to enjoin him from issuing an order for the payment of an allowance made by the common council of said city. '

The appellee appeared and filed an answer, in which he averred that the order was issued and paid before process was issued and before he had any notice of the proceeding.

The appellant replied that before the order was issued he had notified the appellee not to issue it; that proceedings would be instituted to enjoin the payment of the allowance; that the complaint was in fact filed before the order was issued, and that it was done with intent to evade the proceedings about to be instituted.

A demurrer for want of facts was sustained to this reply, and, the appellant declining to further plead, final judgment was rendered against him.

This ruling presents the only question in the record, and it was clearly right. The reply did not avoid the facts averred in the answer. It was averred that the act sought to be enjoined had already been committed. If so, it could not be corrected by an injunction, as its purpose is to prevent and not to correct wrongs. The reply averred no facts in avoidance of the answer, and, therefore, the demurrer was properly sustained.

The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is, in all things affirmed, at the appellant's costs.