## STREET RAILROAD COMPANY OF EAST SAGINAW v. JAMES WILDMAN.

### *Injunction.*

1. A hearing upon an injunction bill cannot be had after the act has been done which it is the sole purpose of the bill to restrain; the remedy for any consequent injury is to be had, if at all, at law.

2. Injunction will not lie for the purpose of passing on abstract rights or wrongs apart from some threatened injury to the person seeking relief, nor when such injury is remediable at law.

Appeal from Saginaw. (Gage, J.) Oct. 15.—Oct. 28.

INJUNCTION bill. Complainant appeals. Affirmed.

*Tarsney & Weadock* for complainant.

*Hanchett & Stark* for defendant.

MORSE, C. J. August 21st, 1883, the complainant, a corporation duly organized and conducting the business of operating a street railroad upon and along the streets and over the bridges of East Saginaw, claiming the exclusive right to do so under an ordinance of said city granting it the franchise, filed a bill of complaint in the circuit court for the county of Saginaw, in chancery, against the defendant James Wildman, alleging its rights in the premises, and that said defendant was threatening to remove a large frame building, of which he was the owner, upon and along Washington avenue, over and upon its track on said street, a distance of three-quarters of a mile, in violation of its rights, to the great interruption of its business and profits, the serious inconvenience of the public, and the hindrance and delay of the United States mails which it carried, to the injury and damage of said complainant of at least $300; that such removal would be a nuisance because of its effect upon public travel; and that the damages sustained by the corporation would be of such a character as to be incapable of adjust-

ment and estimation at law ; and praying for an injunction restraining defendant from removing the building, and for such other relief as the nature of the case might require.

Upon filing the bill a temporary injunction was granted as asked, and the defendant in due time answered. Proofs were taken and hearing had thereon. May 15, 1885, a decree was entered in the court below dismissing the bill.

In the view we take of the case as presented in this Court, it is not necessary to set forth the averments of the bill or answer. It appears from an examination of the record, and also from the admission of counsel for complainant, upon the hearing here, that the temporary injunction granted at the time of the filing of the bill was afterwards, and before the closing of proofs and hearing in the court below, modified so as to permit the building being moved. Also, that the building was moved before the hearing.

We need not go into the merits of this controversy. If the complainant was ever entitled to the relief prayed for, we cannot now make any decree to aid it. The bill is an injunction bill, pure and simple, asking no equitable relief except the restraining of defendant from moving the building. We can hardly prevent him from doing what has already been done. The writ of injunction can have no operation to correct the injury, if any, to complainant by the moving of this building.

It was suggested on the hearing that we ought to settle the rights of the parties so that the principle established might be a guide in other cases likely to arise. But courts of equity will not lend their aid by injunction for the enforcement of a right or the prevention of a wrong in the abstract, not connected with any injury or damage to the person seeking relief, nor when such injury or damage can be fully and amply recovered in an action at law. Nor are courts of equity established to decide or declare abstract questions of right for the future guidance of suitors. The granting of an injunction against the moving of a building already moved would be idle and useless. If the complainant has suffered any loss or damage from such moving which

it is entitled to recover from the defendant, it is a matter of dollars and cents, by the showing in the bill of complaint, and the remedy, if at all, would be in an action at law. We can certainly grant no equitable relief as the case appears in this Court.

The decree of the court below is affirmed with costs.

The other Justices concurred.