Heinl v. City of Terre Haute.

HEINL v. CITY OF TERRE HAUTE ET AL..

[No. 19,788.   Filed February 17, 1903.   Rehearing denied June 2, 1903.]

MUNICIPAL CORPORATIONS.—*Debt Limit.*—*Constitutional Law.*—*Schools.*—Interest-bearing notes executed by the school city of a municipal corporation for an indebtedness incurred in the purchase of necessary grounds and the erection thereon of public school buildings within and for such school city, the civil city not having in any manner authorized the execution of such notes, or in any way to have been instrumental in contracting such indebtedness, can not be taken into consideration in determining the constitutional limit of the civil city's indebtedness. *pp. 48, 49.*

APPEAL AND ERROR.—*Change of Venue.*—*Presumption.*—Where a case is appealed from a court other than the one in which it originated, it will be presumed on appeal, in the absence of any showing, that it was properly venued to such court. *p. 53.*

MUNICIPAL CORPORATIONS.—*Extension of Street.*—*Change of Governing Act.*—*Terre Haute City Charter.*—Where a city under the general laws of the State governing cities had instituted proceedings for the extension of a street, and conducted such proceedings through the various steps required by statute to the approval of the common council confirming the report of the city commissioners and the damages therein awarded, and, pending an appeal therefrom the act of 1899 (Acts 1899, p. 270) governing such city became effective, the city attorney, under the provision of said act, had authority to take up and carry forward such proceedings. *pp. 49-55.*

SAME.—*Judgments.*—*Loans.*—*Terre Haute City Charter.*—A judgment obtained against a city on appeal from an award made by the city commissioners in a proceeding for the extension of a street, is a valid and binding obligation for which the city is authorized, under §30 of the act of 1899 (Acts 1899, p. 270), to borrow money to be applied in the payment and satisfaction thereof. *pp. 49-55.*

INJUNCTION.—*Act Already Committed.*—Injunction will not lie to enjoin an act which has been committed. *p. 55.*

From Vigo Circuit Court; *Jere West*, Special Judge.

Action by John G. Heinl against the city of Terre Haute and others. From a judgment in favor of defendants on demurrer to complaint, plaintiff appeals. *Affirmed.*

*J. E. Lamb, J. T. Beasley, S. B. Davis, J. E. Iglehart, Edwin Taylor, F. B. Posey, S. D. Puett* and *J. S. McFaddin,* for appellant.

*P. M. Foley, J. G. McNutt* and *F. A. McNutt*, for appellees.

JORDAN, J.—Appellant, as plaintiff below, on December 11, 1901, instituted this action for an injunction against the city of Terre Haute, Henry C. Steeg, mayor; William K. Hamilton, comptroller; Frank T. Borgstrom, treasurer; Patrick B. Walsh, Silas C. Beach, and Joseph W. Lauer, members of the board of public works of said city. On February 15, 1902, appellant filed an amended and supplemental complaint against all of the aforesaid defendants. Separate demurrers were sustained to the complaint for insufficiency of facts, and, plaintiff refusing to plead further, judgment was rendered against him upon the demurrer, from which he appeals, and predicates error on the rulings of the court in sustaining each of the defendants' respective demurrers. The following are the facts as alleged in the amended and supplemental complaint which are material for our consideration in determining the questions involved in this appeal.

Appellant is a resident voter and taxpayer of the city of Terre Haute, Vigo county, Indiana, and the said city is indebted in the sum of $406,000—$351,000 of this amount it is alleged is evidenced by outstanding interest-bearing bonds of the said city; $55,000 by outstanding interest-bearing notes executed by the school trustees of the school city of Terre Haute in the name of the latter corporation, that amount being an indebtedness contracted and incurred by said school city in the purchase of necessary grounds and the erection thereon of public school buildings, within and for said school city. It is alleged that the total value of the taxable property of the city of Terre Haute is $20,870,000, and the limit of its indebtedness under the Constitution is $417,000. In the year 1895 the city of Terre Haute instituted proceedings to condemn a strip of ground constituting a part of the terminal yard of the Evansville & Terre Haute Railroad Company. Said

ground was to be taken and used for a public street. At the time this injunction suit was commenced said condemnation proceedings were pending on appeal in the Parke Circuit Court, and had reached a stage where, upon a trial by jury, a verdict for $60,000 damages had been returned against said city and in favor of said railroad company. The complaint further alleges: "That before the said city of Terre Haute can proceed with and consummate such condemnation or appropriation, it is necessary for it to pay or tender to the said Evansville & Terre Haute Railroad Company the additional sum of $38,500, which last-mentioned sum, together with the $21,500 heretofore paid to the clerk of the circuit court of Vigo county, Indiana, will make the amount of said verdict, to wit, $60,000." After the return of this verdict, and before any judgment had been rendered thereon, on December 4, 1901, the common council of the said city adopted an ordinance authorizing the issue and sale of $39,000 of negotiable bonds of said city in order to raise money to tender or pay the amount of damages so awarded by the jury. It is alleged that the board of public works of the city has never taken any jurisdiction of or considered the condemnation proceedings in any manner or for any purpose; that the said council has, without right or authority, since the 1st day of July, 1899, at which time a new charter for the city went into effect, actually controlled said condemnation proceedings. It is further alleged that such proceedings were pending in the circuit court on an appeal taken by the railroad company from an assessment of damages in its favor by the city commissioners when the said city charter took effect on the 1st day of July, 1899. It is shown that the damages awarded to the railroad company by the city commissioners were $21,500, and that the damages on appeal to the circuit court were increased and assessed by the jury at $60,000. The amount of damages assessed and allowed by the city commissioners is

shown to have been tendered and paid into court by the city, and it is alleged that appellants are threatening to cause and allow a judgment to be rendered against the city of Terre Haute on the verdict of the jury by the Parke Circuit Court, and are about to issue, negotiate, and sell $39,000 of city bonds as heretofore stated.

The supplemental complaint discloses that since the filing of the original complaint judgment had been rendered upon the verdict of the jury in the Parke Circuit Court over the objections and exceptions of the railroad company; that said company is prosecuting a term-time appeal from such judgment, and has filed its appeal bond, and that since the rendition of the judgment, to wit, on February 10, 1902, the common council of the said city, recognizing the invalidity of the former ordinance, passed and adopted a new one in lieu thereof, authorizing the issuing and sale of $39,000 of the city's negotiable bonds for the purpose of raising money to apply on said judgment. The prayer of the complaint is that the defendants be commanded and enjoined to exercise their right and option to pay the costs of said defendant city, and that said defendants Walsh, Beach, and Lauer be perpetually enjoined from exercising their right and option to procure or allow a judgment to be rendered upon said verdict in the Parke Circuit Court, and that defendants Hamilton, Borgstrom, and Steeg, and each of them, be perpetually enjoined from executing, negotiating, selling, and delivering any of the said bonds attempted to be authorized and provided by the ordinance of December 4, 1901; and the plaintiff demands all other and proper relief.

Three points or contentions are advanced and relied upon by appellant to establish the invalidity of the ordinance authorizing the issue and sale of the bonds, upon either of which, it is insisted, the sufficiency of the complaint to entitle him to the relief demanded ought to be sustained. It is claimed: (1) That the amount of bonds

which the city proposes under the ordinance to issue and negotiate for the purpose intended will increase its indebtedness beyond the limit prescribed by §1, article 13, of the state Constitution; therefore it is argued that for this reason alone the ordinance adopted by the common council is invalid, and ought not to be enforced; (2) that the proposed issue and sale of the bonds for the purpose in view is not authorized by the provisions of the act of the legislature of 1899, under which the city of Terre Haute is governed and controlled; (3) that the issue and sale of the bonds in dispute is premature.

As previously shown, it is averred in the complaint that the city of Terre Haute is indebted in the sum of $406,000, but in making up this amount of indebtedness the plaintiff in his complaint assigns or credits as a part thereof the sum of $55,000 of an indebtedness evidenced or represented by interest-bearing promissory notes executed by the trustees of the school city of Terre Haute in the name of said school city, which latter indebtedness, as is shown, was contracted by the school city in the purchase of necessary grounds and the erection thereon of public school buildings. The argument is advanced that the school city was not authorized by law to contract this indebtedness, and through its trustees execute in its name the notes in question; therefore it is contended that under the circumstances there is an implied liability upon the part of the civil city to pay said indebtedness, and that the same must be considered as an indebtedness of the civil city in making up the amount to which it is limited by the provisions of the Constitution, *supra*. There is no merit or force in this contention. If the school city is not liable for the payment of this indebtedness which it is alleged to have contracted, and for which its promissory notes have been executed, it is certainly manifest that under the circumstances no liability for the same attaches against the civil city, for the latter is not shown in any manner to have author-

ized the execution of such notes or in any way to have been instrumental in contracting said indebtedness of $55,000; consequently it can not be taken into consideration in determining the constitutional limit of the civil city's indebtedness. A debt, in a general sense, arises out of an express or an implied promise made by one person to another to pay a sum of money. *Quill* v. *City of Indianapolis,* 124 Ind. 292, 7 L. R. A. 681; Anderson's Law Dict., 315.

The question as here presented, under the particular circumstances, is distinguishable from that involved in *Wilcoxon* v. *City of Bluffton,* 153 Ind. 267, therefore that decision is not applicable, for in that case the school bonds in dispute were in fact executed by the civil city, and not by the trustees of the school city, as were the promissory notes in the case at bar. Deducting the $55,000 from $406,000, which is alleged to be the total indebtedness of the civil city, and the indebtedness remaining chargeable against the latter is $351,000. If we subtract this latter amount from $417,000, which under the averments of the complaint is disclosed to be the constitutional limit to which the civil city may extend its indebtedness, and the result shows that the latter city, at the time this suit was instituted, was within said limit by an amount equal to $66,000. It follows, therefore, that the first point or contention of appellant is not sustained.

Counsel for the appellees insist that the claim made by appellant under his second point, to the effect that the personal judgment recovered against the city by the railroad company in the Parke Circuit Court, as damages in the condemnation proceedings, is not a debt or liability for which the city, under the act of 1899, is empowered to issue and negotiate its bonds in order to borrow money for the purpose of paying and satisfying such liability, is wholly untenable. It is a well-settled proposition that a

judgment for money rendered by a court of competent jurisdiction creates a debt of record for which the person against whom it is rendered is liable, and an action may be maintained thereon against the judgment debtor. Such a judgment, rendered either in an action arising out of contract or tort, until set aside by some legal method, is conclusive evidence of a fixed, ascertained, and legitimate debt of the person against whom it is rendered. *Davidson* v. *Nebaker,* 21 Ind. 334, 83 Am. Dec. 350; *Gould* v. *Hayden,* 63 Ind. 443; *Becknell* v. *Becknell,* 110 Ind. 42; *City of Hammond* v. *Evans,* 23 Ind. App. 501; Black, Judgments (2d ed.), §§1, 7, 11; Freeman, Judgments (4th ed.), §217.

The question arises, under appellant's contention, did the money judgment rendered by the Parke Circuit Court in the condemnation proceedings against the city of Terre Haute create a legitimate debt for which the city, under §30 of the act of 1899 (Acts 1899, p. 270), is empowered to borrow money to be applied in the payment and satisfaction thereof? To determine this question, and others presented by appellant, the statute of 1899, *supra,* by which the city of Terre Haute has been governed since July 1, 1899, must be examined and considered. Section 30 of this act provides as follows: "The common council shall have power to borrow money to an amount not exceeding two per cent. of the taxable property of such city, * * * for the year in which such loan shall be effected: Provided, that the entire money borrowed shall not at any time exceed two per cent. of the taxable property of such city, except for the issue and sale of refunding bonds as hereinbefore provided. *Such loans may be made only for the purpose of procuring money to be used in the legitimate exercise of the corporate powers of such city, and for the payment of legitimate corporate debts.*" (Our italics.)

Section 31 provides that an ordinance for loans may authorize the issue of bonds or other obligations, negotiable

or not, bearing interest at a rate not exceeding six per cent. and to run for a period not in excess of thirty years.

By §78, plenary power is conferred upon the board of public works to lay out, open, and change public streets, and to condemn and appropriate the property of any person, railroad, or corporation for such purposes.

Sections 82 and 83 legislate in respect to an appeal taken to the circuit or superior court by an aggrieved remonstrator from the decision of the board of public works in such condemnation proceedings. The latter section declares that the judgment rendered by the court on such appeal "shall be final, and no appeal shall lie therefrom: Provided, if upon such appeal the report of the board of public works as to benefits or damages be greatly diminished or increased, the city may, upon the payment of costs, discontinue such proceedings."

By §86, the board of public works is empowered to determine what, if any, part of the damages awarded in such cases shall be paid out of funds appropriated by the common council for the use of said board: "Provided, that not more [than] $2,000 in damages shall be paid out of the city funds for any improvement or condemnation unless pursuant to an ordinance appropriating for the specific improvement or condemnation."

Section 3 of the act declares that "On and after the 1st day of July, 1899, the common council, mayor, city clerk and all other city officers and employes shall possess the powers conferred by this act, and no others.   *   *   * Provided, however   *   *   *.   In case such city, prior to the taking effect of this act shall have commenced, by its proper officers, any proceedings or undertakings of a public nature, which was lawfully commenced or undertaken, the same shall not be interrupted by the passage of this act, but it shall be taken up and carried forward by the proper officer or department as prescribed by this act."

Section 71 provides that the city attorney shall be the head of the department of law, and, defining his duties, among others, declares that "He shall conduct all legal proceedings authorized by this act, and all appeals of every nature whatsoever in which said city or the public shall have an interest."

Section 30, upon which the city bases its right in this case to borrow the money necessary to pay and discharge the judgment rendered in the condemnation proceedings, must be construed in connection with the above sections of the act in order to determine the particular questions as they are presented in this appeal.

It appears that the city of Terre Haute, prior to the taking effect of its present charter, was operating under the laws of this State pertaining generally to the organization and government of cities. It had instituted the proceedings in question to extend one of its streets through the lands of the railroad company under and by virtue of the powers conferred upon it by the provisions of these general laws. It appears that the matter of the opening or extension of the street in controversy had been by the common council referred to the city commissioners as provided by §3630 Burns 1901, and all the various steps seem to have been taken in accordance with the requirements of the statute relating to such proceedings, including, among others, the approval of the report of the city commissioners by the common council, from which decision of the council confirming said report and the damages therein awarded, the railroad company, under §3643 Burns 1901, appealed to the Vigo Circuit Court.

The right and power of the city to extend the street in question across the lands of the railroad company was expressly affirmed in the appeal of the City of Terre Haute v. Evansville, etc., R. Co., 149 Ind. 174, 37 L. R. A. 189. These proceedings were pending in the circuit court upon the appeal of the railroad company at the time the act of

1899 went into effect or became operative. By what means the case reached the Parke Circuit Court we are not advised, but may assume that it was properly venued to the former court from the Vigo Circuit Court. Upon the taking effect of the act of 1899, the proceedings then, under the circumstances, fell within the provisions of §3 of this act, and the city was expressly authorized thereby, through its proper officers, if it desired, to take up and carry them forward from the stage or point to which they had already been advanced under former laws before the latter act became operative. This right the city seems to have exercised, for it is disclosed by the facts alleged in the supplemental complaint, that the Parke Circuit Court, on motion of counsel for the city, and over the objections of the railroad company, plaintiff in said action, rendered its judgment upon the verdict of the jury. Certainly, under such a showing, we may assume that the counsel, appearing in court and making the motion in behalf of the city, was fully authorized to act in the premises, and that his authority was recognized by the court when it sustained the motion and rendered its judgment accordingly.

By §71, as shown, the city attorney, or city counsel, is placed at the head of the legal department, and, among others, the act imposes upon him the duty to appear in all appeals, of every nature whatsoever, in which the city or the public may have an interest. If, as disclosed, counsel for the city appeared in said appeal, after the taking effect of the act of 1899, and moved for judgment on the verdict, we certainly may assume, until the contrary is shown, that in so appearing therein, he was discharging the duties imposed upon him under the provisions of the latter section, and, under the circumstances, the judgment clearly is not open to the collateral attack which appellant seeks to make under his averments that the board of public works had not taken jurisdiction, nor considered the proceedings, but the same had been actually controlled by the common coun-

cil since July 1, 1899. The judgment in question, under the facts, must be regarded in all respects as valid and binding, and is protected from a collateral assault in like manner as are other judgments·of a court having competent jurisdiction.

That the railroad company, on 'its appeal to the circuit court in the proceedings in controversy, was entitled, if warranted by the evidence, to recover a money judgment as damages against the city, can not be disputed. *City of Terre Haute* v. *Blake,* 136 Ind. 636.

It is disclosed by the complaint that before the city can consummate its appropriation of the lands in controversy it is necessary for it to pay or tender to the railroad company the additional sum of $38,500, which, with the $21,500 previously paid by the city to the clerk of the Vigo Circuit Court, it is alleged, will make the amount of the verdict rendered by the jury in the Parke Circuit Court, to wit, $60,000. The damages of the railroad company in the trial on appeal in the circuit court appear to have been greatly increased over the amount awarded by the city commissioners and paid into court for the use of said company. Therefore, under the circumstances, the city was required to pay or tender the difference between these two awards before it could finally take or appropriate the land for the use of the public streets. *Lake Erie, etc., R. Co.* v. *Kinsey,* 87 Ind. 514, and authorities there cited; *Meyers* v. *State, ex rel.,* 125 Ind. 335.

By §86 of the act of 1899, as previously shown, the board of public works is limited, in its payment of damages out of the public funds of the city in condemnation proceedings, to a sum not in excess of $2,000, unless an appropriation is made by an ordinance adopted by the common council for the purpose of paying such damages. It seems that the city had not sufficient funds on hands to pay the judgment recovered against it in the Parke Circuit Court, and was proceeding to raise the money necessary for that pur-

pose by the issue and sale of its bonds, as provided by §§30 and 31 of the charter act of 1899.

Counsel for appellant give no satisfactory reason why the judgment in dispute should not be treated and considered in like manner as any other judgment for money recovered against the city, and, under the circumstances, we are aware of no legal reasons which would justify a holding to the contrary. It follows, and we so adjudge, that the recovery of this judgment served to create a valid and binding debt or obligation against the city in favor of the railroad company, and the city must be held liable for the payment thereof as it would be for any other legitimate corporate debt. It being a legitimate corporate debt of the city, therefore, its common council was expressly authorized and empowered by §30, if necessary, to borrow money to be applied in the payment thereof, and consequently its action in passing the ordinance authorizing the issue and sale of the bonds for that purpose was not illegal and could not be enjoined.

The complaint, so far as it seeks to enjoin the board of public works from permitting a judgment to be rendered on the verdict of the jury, is also insufficient, if for no other reason than it appears that such relief would not be available if awarded, for the supplemental complaint discloses that a judgment had already been rendered by the Parke Circuit Court upon the verdict of the jury. The rule is well settled that where the act sought to be enjoined has already been committed, an injunction will not be awarded, for, under the circumstances, the granting thereof would be useless. *Cole* v. *Duke,* 79 Ind. 107; High, Injunctions (3d ed.), §23.

The claim is made by the appellant, that the action of the common council in adopting the ordinance for the purpose of borrowing the money in question was premature, for the reason that the railroad company was prosecuting an appeal from the judgment of the Parke Circuit Court. This

contention is untenable for the following reason, if for no other: By the provisions of the act of 1899 the judgment in the proceedings in question was declared to be final and an appeal therefrom expressly denied. In the absence of anything to the contrary, we must regard this provision of the statute as cutting off all right of appeal from the judgment in question to a higher court.

We have examined and considered all of the points presented and discussed by appellant's learned counsel, and find no error in the record. The judgment of the lower court is affirmed.