Argued October 26, affirmed November 24, 1914.

## WIEGAND v. WEST.

(144 Pac. 481.)

**States—Officers—Violation of Law—Defense.**

1. Since every person within the state is subject to its Constitution and laws, the fact that an individual occupies an official position in the state will not protect him from the consequences of his violation of its laws or the infringement of the rights of others.

**Injunction—Nature of Remedy—Availability—Public Officers.**

2. Under Article I, Section 10, of the Constitution, providing that justice shall be administered without purchase completely and without delay and that every man shall have a remedy by due course of law for injury done him in his person, property or reputation, an injunction is as available as any other remedy against public officers for a violation of private rights.

**Injunction—Nature of Remedy—Passed Acts.**

3. Where complainant alleged that defendant Governor of the state and others, officers of the national guard, had by force and arms closed complainant's saloon, ejected him from his place of business, and refused to allow him to conduct or maintain his retail liquor establishment, and had threatened in case he did not remove the same from the state within a specified time to destroy the same, but no facts were stated to sustain complainant's allegation of fear of defendant's threatened action, the facts alleged constituted a completed passed trespass for which injunction was not the proper remedy.

**Injunction—Future Action—Threats.**

4. Where complainant alleged that defendants, state officers, unless restrained would destroy complainant's wares and merchandise in his saloon which they had closed by an exercise of the military forces of the state, an allegation of defendant's answer that none of complainant's property had been destroyed, but was being held by the militia to be disposed of as directed by the commander-in-chief of the state's military forces, was a sufficient answer to complainant's alleged fear of confiscation, as it cannot be presumed that defendants will do an unlawful act in the future.

[As to injunction against police surveillance of place of business or amusement, see note in Ann. Cas. 1913B, 713.]

Injunction—Nature of Remedy—Right to Relief—Adequate Remedy
    at Law.

5. Where complainant alleged that defendants, a Governor of the
state and officers of the state militia, had by force of arms closed
his saloon without legal justification, seized his stock of liquors, and
unless restrained would destroy the same to his damage, such facts
did not show that plaintiff did not have an adequate remedy at law
by the recovery of damages, so as to entitle him to injunctive relief.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.    Statement by MR. JUSTICE BURNETT.

This suit was commenced January 3, 1914, by William Wiegand against Oswald West and others. After alleging himself to be licensed by the local authorities and by the government of the United States for the conduct of retail liquor business in Copperfield, Baker County, Oregon, the plaintiff alleges:

"II.    That on the 2d day of January, 1914, the defendants B. K. Lawson, Fern Hobbs and various other persons whose names are unknown to plaintiff, came to the city of Copperfield, in the county of Baker and State of Oregon, arriving there at about the hour of 2 o'clock on the afternoon of said day, and said defendants proceeded to close up the saloon of plaintiff, to place him under arrest, and by force of arms to close up his said place of business and prevent him or any person acting in his behalf from conducting the same, and at said time being armed with loaded rifles and revolvers, and with force of arms, and in a summary manner, without giving plaintiff an opportunity to be heard, took possession of his property, forcibly ejected him from his place of business, closed the same, and refused to allow him to conduct or handle or manage his retail liquor establishment.

"III.    That at said time and now said defendants threaten to, and will, unless restrained by an order of this court, confiscate and destroy all the goods, wares and merchandise belonging to plaintiff and of the value of $3,500, situate in his said establishment, and will confiscate and destroy all of his furniture and fixtures

situate in said building and used in the conduct of said liquor business.

"IV.   That defendants Oswald West, B. K. Lawson, Fern Hobbs and various other persons whose names are unknown to plaintiff, have openly threatened to destroy said property by force of arms, unless the same is shipped out of the town of Copperfield prior to the hour of 4 o'clock of the 3d day of January, and plaintiff alleges that unless said defendants are restrained by order of this court they will destroy his property and confiscate the same and destroy his said business and render it impossible for him, or any person, to conduct the same in the town of Copperfield."

The substance of the remainder of his complaint is about the amount of money invested in the business, his innocence of any criminal conduct, and a legal conclusion that the action of the defendants is unlawful. The prayer of the complaint is:

"That a temporary injunction issue herein, enjoining and restraining the said defendants, and each of them, and any and all persons acting by, through, or under them, or any of them, from in any manner interfering with or attempting to close or exercise jurisdiction over, or authority over the retail liquor business of said plaintiff, or from in any manner taking possession of or confiscating or destroying or selling or disposing of, or moving or handling the stock of merchandise, consisting of wines, liquors, cigars and the furniture and fixtures situate in the building occupied by this plaintiff in the conduct of the retail liquor business; that upon a hearing said injunction be made perpetual, and for such other and further relief as to the court may seem meet and equitable in the premises."

The answer first denies every allegation whatever in the complaint. Affirmatively it recites that the defendant West is the Governor of the state, the defendant Lawson, an acting colonel of the Oregon national

guard in command of a detachment of state militia at Copperfield, and the defendant Fern Hobbs "the duly appointed, qualified and acting representative and agent of the said Oswald West in matters pertaining to the civic government and peace and order of the City of Copperfield." It sets out a petition said to have been received by the Governor from certain unnamed citizens inveighing in most general terms against the government of that municipality and inviting the attention of the state authorities to the situation. The answer declares generally that the laws respecting gambling and the sale of intoxicants were being constantly violated in Copperfield, in view of which the Governor issued a proclamation declaring martial law within the boundaries of Copperfield, requiring all saloons to be closed, prescribing a certain time within which their proprietors should remove their goods from the city, and charging the defendant Lawson with the execution of the order. The answer also charges that the plaintiff had violated the laws of Oregon and the ordinances of Copperfield, but does not in any sense specify any particular criminal act. That pleading closes with the allegation:

"That none of the property of said plaintiff has been destroyed by the defendants herein, but is being held by said militia to be disposed of as directed by the commander-in-chief of said military forces of the State of Oregon."

The plaintiff demurred to the whole answer on the ground that "said answer does not state facts sufficient to constitute a defense in said suit." Pending the hearing of the argument on the demurrer to the answer the parties stipulated substantially as alleged in the complaint that the plaintiff was the holder of licenses from the City of Copperfield and from the

United States government, agreed to the truth of the second allegation of the complaint above quoted; that the defendants had taken possession of the plaintiff's property and were holding the same in their custody; that, prior to the commencement of the suit, they had "threatened to take possession of said property by force of arms, unless the same was shipped out of the town of Copperfield prior to the hour of four o'clock p. m. of the 3d day of January, 1914"; and that the defendants Lawson, Hobbs and West are holding the property in order to accomplish the ends for which martial law had been declared. The Circuit Court overruled the demurrer, and, as the plaintiff stood on the same, entered an order dismissing the suit. The plaintiff appeals.        Affirmed.

For appellant there was a brief and an oral argument by *Mr. James H. Nichols.*

For respondents there was a brief and an oral argument by *Mr. Frank T. Collier.*

Mr. Justice Burnett delivered the opinion of the court.

1. It is a vital principle of popular government that every person within the state is subject to its Constitution and laws, be he Governor or groundling. It is equally true that the mere circumstance that an individual occupies at the time an official position in the state will not protect him from the consequences of his violation of its laws or the infringement of the rights of another: *Salem Mills Co.* v. *Lord,* 42 Or. 82 (69 Pac. 1033, 70 Pac. 832); *Taylor Sands Fishing Co.* v. *State Land Board,* 56 Or. 157 (108 Pac. 126); *Corvallis & Eastern R. Co.* v. *Benson,* 61 Or. 359 (121 Pac. 418);

*Franks* v. *Smith,* 142 Ky. 232 (134 S. W. 484, Ann. Cas. 1912D, 319).

2. It is fundamental law in this state that:

"No court shall be secret, but justice shall be administered openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property or reputation": Article I, Section 10, of the Constitution.

Under the precedents above cited, in every proper case an injunction is as available as any other remedy against public officials who violate private rights. In other words, the individual who for the time being is a public officer is quite as amenable to the law as any private person.

3. The question is whether the plaintiff has properly conceived his remedy in the present case. Giving the allegations of the complaint their full value, yet it appears that the trespass complained of happened before the commencement of the suit. Injunction is a preventive remedy, and is designed in general to stay the lawless hand before it strikes the blow. We do not, however, impound the water for the wheel after it has run by the mill. It is vain to lock the door of the stable after the horse has been stolen, and it is equally useless to insure a house after it is burned. The trespass having been accomplished before the commencement of the suit, it would be of no utility for a court to enjoin what has already passed.

*Ewing* v. *Rourke,* 14 Or. 514 (13 Pac. 483), was a case where the defendant had trespassed upon real property of the plaintiff to enjoin which a suit was commenced afterward and a claim of damages incorporated in the complaint. Mr. Justice THAYER there said:

"If he [referring to the plaintiff] had shown that the respondent was committing or continuing some act which would produce injury to the appellant, it would have been sufficient; but here the act had already been done; the damages had been incurred and were ascertainable. The conduct of the respondent in the premises was, according to the allegations of the complaint, lawless and high-handed; but, from all that appears therefrom, his acts were only a temporary affair, and the law affords an ample remedy for redress in damages. It is evident that the wrong has spent its force, though the appellant alleges that 'the respondent still continues and threatens to continue to trespass on said premises, and to keep his stock running thereon.' This is no allegation of any fact—is only a conclusion."

Again, as said in *City of Alma* v. *Loehr,* 42 Kan. 368 (22 Pac. 424):

"The function of a writ of injunction is to afford preventive relief. It is powerless to correct wrongs or injuries already committed. This is alphabetical law. The injunction provided by our Code of Civil Procedure 'is a command to refrain from a particular act.' "

We note in passing that our own Code contains substantially the same definition of injunction: See, also, *Brownfield* v. *Houser,* 30 Or. 534 (49 Pac. 843); *Sears* v. *James,* 47 Or. 50 (82 Pac. 14); *Smith* v. *Davis,* 22 Fla. 405; *Pensacola etc. Co.* v. *Spratt,* 12 Fla. 26 (91 Am. Dec. 747); *Georgia Pac. R. Co.* v. *Douglasville,* 75 Ga. 828; *Mead* v. *Cleland,* 62 Ill. App. 294; *Heinl* v. *Terre Haute,* 161 Ind. 44 (66 N. E. 450); *Cole* v. *Duke,* 79 Ind. 107; *East Saginaw Ry. Co.* v. *Wildman,* 58 Mich. 286 (25 N. W. 193); *Carlin* v. *Wolff,* 154 Mo. 539 (51 S. W. 679, 55 S. W. 441); *Sherman* v. *Clark,* 4 Nev. 138 (97 Am. Dec. 516); *Attorney General* v. *New Jersey etc. R. Co.,* 3 N. J. Eq. 136; *United N. J. R. Co.* v. *Standard Oil Co.,* 33 N. J. Eq. 123; *Dixie*

*Grain Co* v. *Quinn,* 181 Ala. 208 (61 South. 886) ; *Park-inson.* v. *Building Trades Council,* 154 Cal. 581 (98 Pac. 1027, 16 Ann. Cas. 1165, 21 L. R. A. (N. S.) 550).

4. It is true the plaintiff alleges that the defendants will destroy and confiscate his property, ruin his business, and render it impossible for him to conduct the same in the town of Copperfield. No fact is stated as a foundation for this fear thus expressed. Laying aside as negligible fustian the proclamation of martial law and the like, the essence of the answer is found in the allegation:

"That none of the property of said plaintiff has been destroyed but is being held by the militia to be disposed of as directed by the commander-in-chief of the military forces of the state."

5. This is a sufficient answer to the plaintiff's fear of confiscation, and must be admitted to be true when assailed by the demurrer. However we may characterize the occurrences described in the pleadings, yet we cannot presume that the defendants will do any unlawful act in the future. Some fact must be alleged showing that such result is the purpose of the defendants. Moreover, if all the fears of the plaintiff as expressed in his complaint were realized, it would be only a part of the single trespass described in his complaint. Concerning such a situation, Mr. Justice LORD, in *Smith* v. *Gardner,* 12 Or. 221 (6 Pac. 771, 53 Am. Rep. 342), states the principle thus:

"All the cases fix the rule to be that the injury must be of that peculiar nature that it cannot be adequately compensated in damages or atoned for in money. There must be some equitable feature or incident to take it out of this rule, or equity will not interfere; as where the injury, although susceptible of pecuniary compensation, yet in the particular case, if the party is insolvent, and on that account unable to atone for it,

it will be considered irreparable. But where the facts present no matter requiring equitable relief, and the remedy at law is adequate to do full and complete justice, the court itself should reject such jurisdiction as not within its legitimate province."

To the same effect is *Moore* v. *Halliday,* 43 Or. 243 (72 Pac. 801, 99 Am. St. Rep. 724).

In the present case it is manifest that the plaintiff kept his goods for sale, and that some amount of money would reasonably satisfy him if he parted with the entire business. Under such circumstances, the remedy at law whereby in some manner damages could be awarded to him is fully adequate for the redress of his grievances. This being the case, equity, which always uses the remedy sparingly, will not countenance government by injunction which, in some respects, is as little to be desired as the arbitrary exercise of military power.

For these reasons, the decree of the Circuit Court is affirmed.                                        AFFIRMED.