TOWN OF NEW CHICAGO *v.* FIRST STATE BANK OF HOBART.

[No. 13,526.   Filed December 6, 1929.   Rehearing denied January 28, 1930.]

*Dominic P. Sevald, Mariann K. Sevald* and *Frank J. Cook,* for appellant.

*E. J. Call* and *Kenneth Call,* for appellee.

LOCKYEAR, J.—On June 25, 1914, appellee recovered three separate judgments in the Lake Circuit Court against appellant. No execution was issued on any of said judgments, nor was any proceeding had to col-

lect said judgments until May. 15, 1928, when appellee filed this action in Room 3 Lake Superior Court on a complaint in three paragraphs on the three separate judgments rendered in the Lake Circuit Court, June 25, 1914.

Appellant contends that, whereas no execution was issued on said judgments nor any attempt made to collect the same, and no suit at law having been instituted on said judgments within 10 years after their rendition, said judgments were "dead."

That a judgment is not dead after 10 years from the date of its rendition is evident, for §744 Burns 1926 authorizes the issuing of an execution by leave of court first obtained as provided in said section, and another section of the statute provides that an action may be maintained on a judgment at any time within 20 years (§302 Burns 1926).

The laws of Indiana do not require that any steps whatever be taken either to revive the lien of a judgment on real estate or to enforce the payment of the judgment as a condition precedent to maintaining an action of debt on that judgment. A judgment is a debt of record, upon which an action may be maintained, either in the court which rendered such judgment or in any other court of competent jurisdiction, and the judgment plaintiff may renew his action *ad infinitum* upon each successive judgment thus recovered, provided the action is brought any time within the 20-year period of limitation. *Gould* v. *Hayden* (1878), 63 Ind. 443; *Palmer* v. *Glover* (1881), 73 Ind. 529; *Heinl* v. *City of Terre Haute* (1903), 161 Ind. 44, 66 N. E. 450. Any other construction would nullify the statute.

Judgment affirmed.