ROLAND v. ROLAND.

No. 6596.

Court of Civil Appeals of Texas. Texarkana.

Oct. 4, 1951.

Rehearing Denied Dec. 6, 1951.

Joe W. Lovelace, Linden, for appellant.

Robert F. Salmon, Linden, for appellee.

WILLIAMS, Justice.

A judgment, entered January 2, 1933, in the Circuit Court, a court of record in Washington County, State of Indiana, awarded Crystal Roland a divorce from Roscoe Roland, her husband; a recovery of $750 as alimony against him; the cus-

tody of Royal B. Roland, their three-year-old child; and further decreed that he pay to her $3 per week for the child's care and support. Under the Indiana statute, this amount so specified for the child's support continues, unless subsequently modified, until his 16th birthday. The decree as to custody and support was never changed.

Roscoe Roland disappeared shortly after the entry of above decree. Through the channels of a federal agency, Mrs. Crystal Roland located his whereabouts for the first time a few months prior to the filing of the present action on July 11, 1950, in the District Court of Cass County to establish the debt by a judgment in Texas on the Indiana decree. Roscoe Roland had resided in Cass County approximately five years at the time the instant suit was filed. He testified he moved from Arkansas to Texas in October, 1945. Other than this the record does not disclose his whereabouts subsequent to entry of the Indiana judgment. Notwithstanding the positive testimony of Mrs. Roland, photographs of the couple together, handwriting and other evidence not necessary to detail, he testified that he had never married appellant or any other woman; that he had never seen appellant before that day; and that he had no son. The trial court found, and it is supported by abundant and overwhelming evidence, that Crystal Roland, appellant here, and Roscoe Roland, appellee, were married in Crawford County, Indiana, and that Royal B. Roland is their legitimate son.

Roscoe Roland filed the suit for divorce in the Circuit Court of Orange County, Indiana. The pleadings or grounds upon which Mrs. Roland contested the action or what relief she there sought was not shown in the instant trial. The decree there entered recites that upon a hearing on a venue issue in which the litigants and their respective attorneys appeared and litigated that issue the cause was removed to Washington County, Indiana, for trial. The decree entered in Washington County, approximately a year later, after reciting the appearance of Mrs. Roland and her attorney and their announcement of ready

for trial as defendants, states that plaintiff and his attorney, Harry Carpenter, after each had three times been audibly called in open court and had not appeared, the cause proceeded to trial. After other recitals, the court entered the judgment first hereinabove set out on her cross-action.

The trial court sustained appellee's contention and found that there being "no recitation in said judgment that the defendant was ever served with citation on her cross-action, nor any recitation that he personally appeared" that the judgment was void for want of personal service on cross-defendant on the cross-action.

■ "As a general rule, if a judgment is valid by the laws and practice of the state * * * where it is rendered, an action may be maintained on it in the courts of another state, although such judgment would be insufficient, or void, or could not be obtained, in the latter state." 50 C.J.S., Judgments, § 869, p. 444. The Indiana judgment when tested by the laws of that state is valid. Art. 3-1209. Burns' Indiana Statutes of 1933, applicable to the cross-petition and proceedings thereon, reads: "In addition to an answer, the defendant may file a cross-petition for divorce; and when filed, the court shall decree the divorce to the party legally entitled thereto. If the original petition be dismissed after the filing of the cross-petition, the defendant may proceed to the trial of the cross-petition without further notice to the adverse party; and the case upon such cross-petition shall in all things be governed by the same rules applicable to a case on an original petition." Giving effect to the above statute which it is here entitled to under the full faith and credit clause of the Federal Constitution, Art. 4, Sec. 1, we conclude that such judgment is not void for want of personal service on the cross-action. Van Natta v. Van Natta, Tex.Civ.App., 200 S.W. 907, w/r. It is not to be tested by the asserted Texas requirements of service on a cross-action, when, as here, Rule 184a, Texas Rules of Civil Procedure, was complied with in making proof of the Indiana Statutes herein mentioned.

No execution has ever issued on the Indiana judgment during the seventeen years that have elapsed since its rendition. Under this situation, the trial court sustained the claim of appellee that the instant action was barred by virtue of Art. 5532, R.C.S. of Texas, which reads: "A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after."

Burns' Ann.Stat.1926 of Indiana, Sec. 302, provides: "The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterward: * * * Sixth. Upon contracts in writing other than those for the payment of money, on judgments of courts of record, and for the recovery of the possession of real estate, within twenty years." This section further provides that the judgment plaintiff may renew his action ad infinitum upon each successive judgment, provided the action is brought within twenty years. Above is the limitation law of Indiana, Town of New Chicago v. First State Bank of Hobart, 90 Ind.App. 643, 169 N.E. 56, and the trial court so found.

On the date this Cass County action was filed, the Indiana decree was a valid, subsisting, live and unsatisfied judgment under the Indiana laws. It is so today. It is out of a court of record. In our extensive research we have been unable to find where the question here presented has ever reached an appellate court. The decision in Tourtelot v. Booker, Tex.Civ.App., 160 S.W. 293, w/r, urged by appellee, and here relied upon to support the trial court's conclusions, does not in our opinion control the point here presented. The Tourtelot v. Booker case involved a dormant judgment out of North Dakota. It was dormant in that state at the time the action sought a recovery on the judgment in Texas. Only necessary for decision in that case was the application of the first section of Art. 5530, R.C.S. of Texas, which reads: "Every action upon a judgment or decree rendered in any other State or territory of the United States, in the District of Columbia or in any foreign country, shall be barred, if by the laws of such State or country such action would there be barred, and the judgment or decree be incapable of being otherwise enforced there". The decision states, p. 299, which was decisive under the record, "If the cause of action is barred in North Dakota, under the last-quoted article, it is also barred here, when the statutes of the sister state are urged as a defense."

To invoke the provisions of Art. 5532 and thus strike down this valid, subsisting and wholly unsatisfied and matured judgment of a sister state would do violence to the full faith and credit clause of our federal Constitution, Art. 4, Sec. 1, and Title 28, Art. 1738 of our U.S.Code. We therefore conclude the Indiana judgment will support the present action for debt based on that judgment.

The enactment of Rule 308–A, Texas Rules of Civil Procedure, enacted in 1950; the application of equitable powers in the enforcement of an Ohio decree in a Texas court as reflected in Guercia v. Guercia, 239 S.W.2d 169, 174; the enactment in 1951 by our 52nd Legislature of the Act, Vernon's Ann.Civ.St. art. 2328b–1, styled the "Uniform Reciprocal Enforcement of Support Act," reflect the present tendency of Texas to so answer in the affirmative the question propounded in Guercia v. Guercia, supra, which reads: "In the case at bar the writs and processes of a court in the State of Ohio cannot reach across its boundary lines into the State of Texas, so why should not the writs and processes of the courts of Texas of similar jurisdiction be available to holders of judgments in courts of a sister state for the enforcement of decrees against the father who has disobeyed the order of the court of Ohio * * * and who has sought relief from the effect of such orders by becoming a resident of the State of Texas?"

For the reasons above indicated, the judgment of the trial court is reversed and the cause is remanded with instructions that after the debt evidenced by the Indiana judgment has been calculated and deter-

mined to render and enter judgment for Mrs. Crystal Roland against appellee, Roscoe Roland, for such amount so ascertained with six per cent per annum from the date of the judgment to be entered.

Judgment reversed and cause remanded with instructions.