Morton L. DOCK and Helen
Dock, Appellants,

Sam L. Dock, Esther Dock, et
al., Appellants,

v.

Joseph H. TUCHMAN and Tuck's
Treasures, Inc., Appellees.

No. 73A01–8606–CV–168.

Court of Appeals of Indiana,
First District.

Sept. 30, 1986.
Rehearing Denied Nov. 21, 1986.

James R. Fisher, Ice, Miller, Donadio & Ryan, Indianapolis, for appellants.

Morris L. Klapper, Ronald G. Isaac, Klapper & Isaac, G.R. Parish, Jr., Dutton & Overman, Indianapolis, for appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Appellant-judgment defendants, Morton L. Dock and Helen Dock (the Docks), bring this interlocutory appeal, contesting an order of execution entered by the Shelby Superior Court seizing the proceeds of life insurance policies to partially satisfy a judgment in favor of appellee-judgment creditors, Joseph H. Tuchman and Tuck's Treasures, Inc. (Tuchman).

We reverse and remand with an order to vacate the writ of execution.

## STATEMENT OF THE FACTS

On October 26, 1984, Tuchman, individually and as president of Tuck's Treasures, Inc., filed a complaint against the Docks. In it, Tuchman demanded an accounting for all transactions involving funds Tuchman had deposited with the Docks for investment purposes. Tuchman alleged that the Docks committed fraud and misrepresentation to exert unauthorized control over the funds. On August 22, 1985, Tuchman filed a motion for summary judgment, including two supporting affidavits, again alleging fraud and misrepresentation. The trial court held a hearing on this motion on October 11, 1985. The Docks were not present at this hearing. The trial court found "clear and convincing" evidence that the Docks had knowingly and intentionally committed fraud and had exerted unauthorized control over Tuchman's property; it granted the motion and awarded Tuchman a judgment in the amount of $582,961.20, plus costs and attorney fees.

On October 21, 1985, Tuchman filed for proceedings supplemental. Named, among others, as garnishee defendants were two insurance companies that had issued policies on the life of Morton L. Dock. Helen

Dock is the named beneficiary in all of the policies. Morton L. Dock died on March 26, 1986. On May 29, 1986, Tuchman filed a motion, with a supporting brief, for a writ of execution upon the life insurance proceeds. The trial court granted the motion and entered an order of execution on June 3, 1986, determining that the Docks were subject to the judgment as a result of the prior finding of intentional fraud. The court also determined that the life insurance proceeds were not statutorily exempt from execution; therefore, it ordered that the proceeds be seized to partially satisfy Tuchman's judgment. From that order, Helen Dock brings this interlocutory appeal.

### ISSUE

The only issue properly presented for our consideration is as follows:

Whether IND.CODE 27-1-12-14(c) exempts the proceeds of life insurance policies from execution to satisfy a judgment, when the judgment is based upon tortious behavior of the insured and beneficiary.

### DISCUSSION AND DECISION

■ In addition to the issue set forth above, Helen Dock also contests the characterization of the underlying judgment. She asserts that the original complaint sounded in contract, not in tort; therefore, she concludes, the judgment can not be based upon a finding of tortious behavior. However, having failed to respond to Tuchman's motion for summary judgment, she can not pursue this argument in the context of an appeal from an order issued in proceedings supplemental. This court has held that even though proceedings supplemental are an extension of the underlying action, the parties cannot during their course collaterally attack the underlying judgment. *DeLater v. Hudak* (1980), Ind. App., 399 N.E.2d 832. We can not consider any issue concerning the underlying judgment.

■ We now turn to the issue properly before us, whether the proceeds of the life insurance policies are statutorily exempt from execution to satisfy the underlying judgment.

The applicable statute, IND.CODE 27-1-12-14(c), provides:

"All policies of life insurance upon the life of any person, which name as beneficiary, or are bona fide assigned to, the spouse, children, or any relative dependent upon such person, or any creditor, shall be held, subject to change of beneficiary from time to time, if desired, for the benefit of such spouse, children, other relative or creditor, free and clear from all claims of the creditors of such insured person or of the person's spouse; and the proceeds or avails of all such life insurance shall be exempt from all liabilities from any debt or debts of such insured person or of the person's spouse."

Helen Dock maintains that, since a judgment is a debt, the language of the above statute clearly exempts the life insurance proceeds from being seized to satisfy the judgment. We agree.

It is axiomatic that a judgment is a debt of record, created by a decree of a court. *Becknell v. Becknell* (1887), 110 Ind. 42, 10 N.E. 414; *Turnpaugh v. Wolf* (1985), Ind. App., 482 N.E.2d 506; *Town of New Chicago v. First State Bank of Hobart* (1929), 90 Ind.App. 643, 169 N.E. 56.

IND.CODE 27-1-12-14(c) plainly provides that all life insurance policies "shall be held ... free and clear from all claims of the creditors of such insured person or of the person's spouse ..." and the proceeds of such life insurance policies "shall be exempt from all liabilities from any debt or debts of such insured person or of the person's spouse."

It is a fundamental rule of statutory construction that a court may not interpret a statute which is clear and unambiguous on its face. *Flynn v. Klineman* (1980), Ind.App., 403 N.E.2d 1117; *Economy Oil Corp. v. Indiana Dept. of Revenue* (1974), 162 Ind.App. 658, 321 N.E.2d 215. We believe the statute clearly operates to ex-

empt the life insurance proceeds from execution.

Tuchman argues that the public policy of preventing wrongdoers from profiting by their misconduct should outweigh the public policy of exempting life insurance proceeds from seizure by creditors. He cites us to a case in support of this argument, *Exchange State Bank v. Poindexter* (1933), 137 Kan. 101, 19 P.2d 705. While this case did interpret a similar insurance exemption statute, its facts are easily distinguished from the instant situation. In *Poindexter* the husband-insured fraudulently obtained the funds used to pay the premiums on a life insurance policy. The court held that the wife-beneficiary was not entitled to the statutory exemption. *Id.* at 107–108, 19 P.2d at 708–709. However, *Poindexter* is readily distinguishable because the plaintiff in that case made a showing that the funds used to pay the insurance premiums came directly from the loan which the husband-insured had fraudulently procured. There is no evidence that Tuchman has made a similar showing. This issue was tried on motion and we are not told anything of the nature of Docks' financial affairs, or what other assets they might have had. Instead, he asks us to make a "reasonable inference" that some or all of the premiums paid on the life insurance policies were paid from the funds fraudulently obtained by the Docks. In the absence of any evidence connecting the purchase of the insurance policies with the fraudulently-obtained funds, such an inference is not an inference at all, but speculation.

Tuchman also argues that the trial court's finding of intentional fraud by "clear and convincing" evidence should be equated with a finding of criminal conduct. Inasmuch as civil and criminal proceedings are distinctly different, the latter requiring, among other things, a greater burden of proof, we believe this argument is unavailing.

In summary, the statute is clear. Life insurance proceeds are exempt from any claim or debt of the insured or his spouse. The statute needs no interpretation. We are asked to engraft upon the statute exceptions where the judgment was the result of tort, or incurred as a result of fraud. The statute does not say that, but uses the all-inclusive terms of debt or claim. It is not our province to rewrite that section or redetermine public policy as established by the legislature.

For the above reasons, we conclude that the proceeds from the life insurance policies are exempt from execution, pursuant to IND.CODE 27–1–12–14(c).

We reverse and remand with an order to vacate the order of execution.

ROBERTSON, P.J., and RATLIFF, J., concur.