**Janet R. STOOKEY, Plaintiff–Appellee,**

v.

**David D. LONAY, Defendant–Appellant.**

No. 03–2208.

United States Court of Appeals,
Seventh Circuit.

Submitted March 19, 2004.*

Decided June 29, 2004.

Mark R. Galliher, Doyle & Friedmeyer, Indianapolis, IN, for Plaintiff–Appellee.

David Lonay, Bellevue, WA, pro se.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

In 1988, George and Janet Stookey filed a lawsuit against David Lonay and two corporations owned by him, alleging deceptive franchise practices and fraud. Several years later, on January 31, 1992, the district court, after finding that Lonay willfully and deliberately disobeyed its discovery orders, entered default judgment against him and awarded the Stookeys more than half a million dollars in damages and fees. We affirmed the judgment on appeal and imposed additional sanctions, payable to the Stookeys' counsel, for blatant disregard of this court's rules. *Stookey v. Teller Training Distributors, Inc.,* 9 F.3d 631 (7th Cir.1993).

Almost ten years later, more than $300,000 of the original award was still unpaid, along with over $15,000 in sanctions and another $100,000 in interest. Indiana law provides that execution on a judgment—which authorizes the seizure and sale of the judgment debtor's property—must be obtained within ten years of the entry of judgment, or else leave of the court must be sought. See Ind.Code §§ 34–55–1–1, 34–55–1–2. In addition, however, Indiana law considers a judgment to be a debt of record on which a separate action for recovery may be based. See *Town of New Chicago v. First State Bank of Hobart,* 90 Ind.App. 643, 169 N.E. 56, 57 (Ind.Ct.App.1929). If such an action is brought within the relevant statute of limitations (ten years in Indiana, Ind.Code § 34–11–2–11), a new judgment may be issued with its own ten-year period in which to obtain execution, thus in effect "renewing" the old judgment.

Based on this principle, Janet Stookey (on behalf of herself and her deceased husband) filed a complaint on January 30, 2002, seeking renewal of the earlier judgment. Lonay moved to dismiss the complaint, arguing that ten years was enough time for Stookey to have pursued recovery,

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

and that in any event he was unable to pay any more. The district court found these arguments irrelevant and subsequently entered summary judgment in Stookey's favor.

On appeal, Lonay challenges the principle articulated in *Town of New Chicago* that a judgment may be renewed through the filing of a new suit on the judgment debt. He cites the more recent case of *Borgman v. Aikens,* 681 N.E.2d 213, 219 (Ind.Ct.App.1997), for the proposition that "a party may no longer execute on a judgment if more than ten years have elapsed since the entry of judgment." But *Borgman* is a case in which the plaintiff failed to seek renewal of the judgment prior to the expiration of the ten-year statute of limitations. In such a case, it is true that execution may not be had without leave of the court. In this case, renewal was properly sought within ten years of the entry of the original judgment, and the district court did not err in granting that renewal.

AFFIRMED.