# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 26, 2014

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

144721

SCOTT and JEANNE WOODBURY,
       Plaintiffs,
and

CENTER WOODS, INC.,
       Plaintiff-Appellant,

v

RES-CARE PREMIER, INC.,
       Defendant-Appellee,
and

RUTH AVERILL,
       Defendant.

SC: 144721
COA: 297819
Saginaw CC: 09-006758-CH

_____/

This Court granted leave to appeal on November 7, 2012, 493 Mich 881, and the case was submitted for judgment. By order of July 26, 2013, the parties were ordered to provide supplemental briefing and the Clerk was directed to schedule this case for resubmission in the October 2013 session. 494 Mich 879. Subsequently, the parties stipulated that the case had been settled and that the appeal should be dismissed. MCR 7.316(A)(7). On order of the Court, the appeal is DISMISSED and the January 19, 2012 judgment of the Court of Appeals, 295 Mich App 232 (2012), is VACATED.

MARKMAN, J. (*concurring in part and dissenting in part*).

Given that the parties have stipulated that this case has been settled and that the appeal should be dismissed, and given that this Court has accepted that stipulation, the case is now clearly moot. Because of this, I do not believe that we possess the authority to do anything other than dismiss the appeal as the parties have requested us to do. Accordingly, while I concur in the decision to dismiss this appeal, I respectfully dissent from the Court's decision to vacate the judgment of the Court of Appeals.

It is well established that "[t]he judicial power . . . is the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction." *Anway v Grand Rapids R Co*, 211 Mich 592, 616 (1920) (citation and quotation marks omitted). As a result, "this Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before" it. *Federated Publications, Inc v Lansing*, 467 Mich 98, 112 (2002), overruled on other grounds by *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463 (2006).

That is, "[m]ootness precludes the adjudication of a claim where the actual controversy no longer exists, such as where the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Mich Chiropractic Council v Comm'r of Fin & Ins Servs*, 475 Mich 363, 371 n 15 (2006) (citations and quotation marks omitted), overruled on other grounds by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349 (2010). Accordingly, "[w]here the facts of a case make clear that a litigated issue has become moot, a court is, of course, bound to take note of such fact and dismiss the suit . . . ." *Id.* at 373 (citation and quotation marks omitted).

In the instant case, because there is no longer an actual controversy between the parties, the case is moot and we are therefore bound to dismiss the appeal. We lack the authority to take any additional actions, including vacating the Court of Appeals' judgment. Although perhaps there is some concern that while the Court of Appeals' judgment may not harm the parties in the *instant* case, it may harm parties in *future* cases, it is important that this Court exercise traditional understandings of the "judicial power" and refrain from fixing things that are outside this Court's immediate authority to fix. As asserted by three Justices in dissent in *Anglers of the AuSable, Inc v Dep't of Environmental Quality*, 488 Mich 69, 105-106 (2010) (YOUNG, J., dissenting), vacated 489 Mich 884 (2011):

> Indeed, plaintiffs do not now contend that they have an immediate injury at stake; they nevertheless want this Court to rule on the substantive legal issues—for the benefit of *future cases. This is the definition of mootness.* Again, the [*Street R Co of E S v Wildman*, 58 Mich 286, 287 (1885)] decision provides guidance:
>
>> It was suggested on the hearing that we ought to settle the rights of the parties so that the principle established might be a guide in other cases likely to arise. But courts of equity will not lend their aid by injunction for the enforcement of a right or the prevention of a wrong in the abstract, not connected with any injury or damage to the person seeking relief, nor when such injury or damage can be fully and amply recovered in an action at law. Nor are courts of equity established to decide or declare abstract questions of right for the future guidance of suitors. [Emphasis altered.]

Accordingly, I believe that this Court should refrain from vacating the Court of Appeals' judgment for any perceived "benefit of future cases" because any such benefit will be considerably outweighed by the cost of this Court exercising an authority that it does not possess — the authority to do anything other than dismiss an appeal after it has been rendered moot by this Court's acceptance of the parties' stipulation to dismiss.  See *US Bancorp Mortgage Co v Bonner Mall Partnership*, 513 US 18, 27 (1994) ("It seems to us inappropriate . . . to vacate mooted cases, in which we have no constitutional power to decide the merits, on the basis of assumptions about the merits.").



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 26, 2014



Clerk

t0319