JAMES MCBRIDE ET AL., APPELLEES, V. WAYNE TAYLOR ET AL., APPELLANTS.

FILED JULY 6, 1928. No. 26557.

*J. F. Ratcliffe,* for appellants.

*Butler & James* and *Perry & Van Pelt, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and HOWELL, JJ., and BEGLEY, District Judge.

GOOD, J.

This is an action to enjoin the levy of an execution issued to enforce collection of a judgment, recovered against a state bank while it was in the charge and under the control of the guaranty fund commission "for the purpose of making an investigation and examination of its affairs to determine whether solvency might be restored and to dispose thereof as provided by law." Defendants, who are the sheriff and judgment creditor, to the petition interposed a general demurrer, which was overruled. They refused to further plead, and the court entered judgment for the plaintiffs, enjoining the enforcement of, or attempt to enforce, the judgment, and execution issued thereon, "as long as the guaranty fund commission of the state of

Nebraska lawfully retains possession of the assets of the Citizens State Bank of Benkelman, Nebraska, pursuant to the provisions of section 1, chapter 30, Laws of Nebraska for 1925." The defendants have appealed.

The following salient facts are set forth in the petition: March 1, 1928, the department of trade and commerce of the state of Nebraska (hereinafter referred to as the department) took possession of the Citizens State Bank of Benkelman, a banking institution, organized under the laws of the state of Nebraska, and which will be hereinafter referred to as the bank. On March 20, 1928, the department transferred possession of the bank and all of its assets to the guaranty fund commission of the state of Nebraska (hereinafter referred to as the commission). Since March 20, 1928, the commission, through one of its special agents, has been in possession of the bank and its assets, under the provisions of section 1, ch. 30, Laws 1925, for the purpose of making an investigation and examination of the affairs of the bank to determine whether solvency might be restored and to dispose thereof, as provided by law. Attached to and made a part of the petition is a copy of instructions, issued by the secretary of the commission to the special agent in charge, which will be later referred to. On April 12, 1928, defendant Taylor recovered a judgment in the county court against the bank for merchandise sold and delivered, and on the same day filed a transcript of the judgment in the district court for Dundy county, and caused an execution to be issued thereon and placed in the hands of defendant Davis, sheriff of said county, for the purpose of levying upon the assets of the bank. The bank has numerous tracts of real estate situate in Dundy county.

The questions we are requested to determine are: (1) Under the facts, were the assets of the bank in the hands of the commission immune from seizure on execution, issued on the judgment in favor of defendant Taylor? (2) Was the judgment of defendant Taylor a lien upon real estate, standing in the name of the bank in Dundy

county? (3) Had a first and prior lien attached to the assets of the bank in favor of the depositors, as provided by section 8033, Comp. St. 1922, as amended by section 12, ch. 30, Laws 1925?

Section 1, ch. 30, Laws 1925, provides: "Whenever it shall appear to the department of trade and commerce, from any examination or report provided for by this article, that the capital of any corporation transacting a banking business under this article is impaired, that such corporation is conducting its business in an unsafe or unauthorized manner, or is endangering the interests of its depositors, or upon the failure of such corporation to make any of the reports or statements required by the provisions of this article, or if the officers or employees of any bank shall refuse to submit its books, papers, and affairs to the inspection of any examiner, or if any officer thereof shall refuse to be examined on oath touching the affairs of any such bank, or if from any examination or report provided for by law, the department of trade and commerce shall have reason to conclude that such bank is in an unsafe or unsound condition to transact the business for which it is organized, or that it is unsafe and inexpedient for it to continue business, or if any such bank shall neglect or refuse to observe any order of the department of trade and commerce, such department may forthwith take possession of the property and business of such bank, and place it in charge of the guaranty fund commission, who shall thereafter conduct the affairs of said bank, and who shall retain possession of all money, rights, credits, assets, and property of every description belonging to such bank, as against any mesne or final process issued by any court against such bank or corporation whose property has been taken, and may retain such possession for a sufficient time to make an examination of its affairs, and dispose thereof as provided by law."

The foregoing section clearly authorizes the commission to retain possession for a sufficient time in which to make an examination of the affairs of the bank and dispose

thereof as provided by law. Section 5 of said chapter 30 provides that if the commission, from its examination, shall determine that it is impossible to preserve the bank as a going concern, it shall communicate the facts to the attorney general who shall cause an application to be made to the district court for an order directing the commission to take charge of the business, assets and property of the bank and to wind up its affairs.

The defendants argue that the liquidation of an insolvent bank is a function of the judicial branch of the state government, and that any statute, which directly or in effect authorizes the liquidation of an insolvent bank by the guaranty fund commission, is unconstitutional, and that a statute, which authorizes the guaranty fund commission to retain possession of an insolvent bank for a period of three months, during which time the property of the bank is immune from seizure on execution, as provided by section 4, ch. 30, Laws 1925, is in conflict with both the federal and state Constitutions.

Whether the statutes involved are in conflict with the Constitution is not a question presented by the record. Defendants demurred to the petition on the ground that the facts stated were insufficient to constitute a cause of action in favor of the plaintiff. It is a rule that where a statute is, for any reason, claimed to be violative of the Constitution such invalidity must be presented by the pleadings or in some form to the trial court, and that such objection cannot ordinarily, be raised for the first time in the appellate court. *Clearwater Bank v. Kurkonski,* 45 Neb. 1; *Farmers State Bank v. Nelson,* 116 Neb. 541. The demurrer does not challenge the constitutionality of the statutes involved; nor is there anything in the record from which it appears that such question was ever submitted to or determined by the trial court. Under the circumstances, we decline to consider or pass upon the constitutionality of the statutory provisions involved in this action.

Defendants concede that under the provisions of section

1, ch. 30, Laws 1925, the commission is entitled to a reasonable time in which to determine whether it is impossible to preserve the bank as a going concern, and that during such time the assets of the bank in the hands of the commission are immune from seizure on execution of judgment against the bank. But they further urge that, since the commission has been in charge for 23 days, such period was more than a reasonable time in which to make an examination to determine whether the bank should be closed and liquidated or could be operated as a going concern, and further contend that the instructions, issued to the special agent of the commission in charge of the bank, show that it had already been determined that the bank was insolvent and should be liquidated, and that the commission could not, therefore, operate the bank as a going concern and hold the bank's assets immune from seizure on execution.

In the instant case we are not called upon to determine whether the three months, allowed to the commission by section 4, ch. 30, Laws 1925, is more than a reasonable time in which to determine whether the bank shall be turned back to its officers as a going concern, or closed and liquidated by means of receivership, because that question involves the validity of the statute which, as heretofore pointed out, is not raised and presented by the record. In the instant case the commission had been in charge but 23 days. The record does not disclose the character, extent, location or condition of the bank's assets. For aught that appears, they might include properties, widely separated in distance and of such a doubtful or peculiar nature or character that considerable time might be required to determine their value. Furthermore, it might appear that the capital was to some extent impaired, and the stockholders of the bank were desirous of restoring the impaired capital, and what would be a reasonable time in which to restore the impaired capital could only be determined when all the facts and circumstances were known.

In their brief defendants admit that when a state bank is in the hands of the commission, pursuant to the provisions of section 1, ch. 30, Laws 1925, the assets of the bank are immune from seizure on execution during a reasonable time, for the commission to ascertain and determine whether the bank may be continued as a going concern or be closed and its affairs wound up. Under this admission, defendants would be required to show that an unreasonable time in which to make such decision had elapsed. This they have failed to do.

Defendants argue that the insolvency of the bank and the necessity for winding up its affairs had been previously determined by the commission, and that such fact is disclosed by the instruction issued by the secretary of the commission to the agent in charge, a copy of which instruction is attached to and made a part of the petition.

An examination of the instruction discloses that it is a form letter, or general form of instruction, issued to agents of the commission who are placed in charge of state banks. Nowhere in this instruction is any particular bank referred to. The instruction will apply both to the period of preliminary examination to determine whether the bank could be operated or should be closed, and to the period after such determination has been made. The specific allegation of the petition, that the commission is in charge of the bank for the purpose of making the examination, is admitted by the demurrer. We must therefore assume that when this action was brought the commission had not determined whether the bank could be turned back to its officers and operated as a going concern, or whether it should be closed and its affairs wound up.

The conclusions reached render it unnecessary to consider other questions argued in the briefs. The judgment of the trial court is right and is

AFFIRMED.