## R. O. Brownell, Receiver, Appellee, v. Helen Svoboda et al., Appellants.

### Filed February 16, 1929. No. 26794.

*Courtright, Sidner, Lee & Gunderson*, for appellants.

*C. M. Skiles, Dolezal, Mapes & Johnson* and *I. D. Beynon*, contra.

Heard before Goss, C. J., Rose, Dean, Thompson, Eberly and Day, JJ., and Eldred and Redick, District Judges.

Redick, District Judge.

This action is brought by R. O. Brownell, receiver of the Snyder State Bank, plaintiff, to quiet the title to certain lots in the village of Snyder, as against the liens of two judgments of Helen and Emma Svoboda, respectively, against the bank. The defendants answered setting up their judgments and admitting all the allegations of fact of the petition; a reply was filed, and the case was tried upon facts stipulated at the trial, preserved by bill of exceptions. Decree was rendered for the plaintiff, and defendants appeal.

The facts are not in dispute. The Snyder State Bank had been in existence for many years. On March 18, 1925, the department of trade and commerce took possession of the bank and turned it over to the guaranty fund commission, which operated the same as a going concern from March 20, 1925, until January 19, 1928, when the bank

was declared insolvent and proceedings taken resulting in the appointment of R. O. Brownell as receiver for the purpose of liquidating its affairs. April 29, 1926, each of the defendants deposited in the bank $500, and received time certificates of deposit due April 29, 1927. The certificates were refused payment when due, and in September following separate suits were brought by the defendants against the bank and judgments recovered in favor of Emma Svoboda, October 15, 1927, for $535, and Helen Svoboda, January 7, 1928, for $547. Upon appeal to this court the validity of the judgment in favor of Helen Svoboda was affirmed. *Svoboda v. Snyder State Bank,* 117 Neb. 431, The certificates of deposit were presented to the receiver and allowed as claims against the depositors' guaranty fund. In the process of liquidation the lots in question have been sold, but the receiver is unable to make title because of the apparent liens thereon of defendants' judgments, which furnishes the occasion for the present action.

The question for determination is whether or not the judgments of defendants became liens upon the real estate of the bank, said judgments having been rendered at a time when all of the assets of the bank had been sequestered in the hands of the guaranty fund commission; if not, the action is well brought and the judgment of the district court correct.

The question is novel in this jurisdiction. It was not decided in *Svoboda v. Snyder State Bank, supra,* which involved only the right of the plaintiff to bring the action. It was mooted, but not decided in *McBride v. Taylor,* 117 Neb. 381, the action being for an injunction to prevent the levy of an execution, and having been determined upon the proposition that the defendant had failed to prove that the guaranty fund commission had retained possession of the bank an unreasonable time for the purpose of determining whether or not it might continue in business or should be liquidated.

The rights of the parties are to be determined by the proper interpretation of chapter 191, Laws 1923, as amend-

ed by chapter 30, Laws 1925, providing control by the state of insolvent banks, or banks whose capital has been impaired, and providing for the taking possession of such banks for the purpose of determining whether they should be permitted to continue in business or should be liquidated and their assets distributed.

The banks of this state are under the control and supervision of the department of trade and commerce to whom reports of condition are required to be made. By section 3, ch. 191, Laws 1923, a guaranty fund commission was provided for and its organization and duties prescribed in later sections.

By section 1, ch. 30, Laws 1925, section 11, ch. 191, Laws 1923, was amended to provide that, whenever it shall appear to the department of trade and commerce that the capital of any bank is impaired, or that it is transacting business in an unsafe or unauthorized manner, or that for other reasons stated the department shall have reason to conclude that such bank is in an unsafe and unsound condition, "such department may forthwith take possession of the property and business of such bank, and place it in charge of the guaranty fund commission who shall thereafter conduct the affairs of said bank, and who shall retain possession of all the money, rights, credits, assets and property of every description belonging to such bank, as against any mesne or final process issued by any court against such bank or corporation whose property has been taken, and may retain such possession for a sufficient time to make an examination of its affairs, and dispose thereof as provided by law. Any attachment lien against such property, acquired within thirty days next preceding the taking of such possession, shall be thereby released and dissolved."

By section 4, ch. 30, Laws 1925, section 18, ch. 191, Laws 1923, was amended to read as follows:

"Upon taking possession of the property and business of any bank, the guaranty fund commission may take charge and control of the property and business of such bank and open it and manage it as a going concern, with-

out regard to its solvency, and through employees perform all duties and acts of the officers and directors of such bank whi'e managing the same, and all salaries and expenses in connection therewith shall be paid by the bank. The operation of the bank by the guaranty fund commission shall in no manner relieve or diminish the obligations of the stockholders under the laws of this state, or in any manner absolve the owners of such stock or the officers or directors of any liability under the civil or criminal laws of the state. If the guaranty fund commission shall determine that it is impossible to preserve such institution as a going concern, then the commission shall proceed to liquidate such bank as by law provided: Provided, the district court of the district in which such bank is located may, upon application of any judgment creditor after a period of three months from the taking over of said bank by the guaranty fund commission, order the commission to close said bank, and liquidate the same, as provided by law."

By section 5, ch. 30, Laws 1925, section 20, ch. 191, Laws 1923, was amended to provide that, upon the determination by the commission that it is impossible to preserve the institution as a going concern, it shall communicate the facts to the attorney general, whose duty it shall be to cause an application to be made to the district court of the county where such bank is maintained for an order directing the commission to take charge of the business, assets and property of every kind of said corporation, and to wind up its affairs, through a receiver to be named and appointed by such commission.

By section 6, ch. 30, Laws 1925, section 32, ch. 191, Laws 1923, was amended to provide that the commission be authorized to sell all or any part of the assets of said bank upon receiving an order to that effect from the court.

By section 12, ch. 30, Laws 1925, section 24, ch. 191, Laws 1923, was amended to read as follows: "The claims of depositors, for deposits, not otherwise secured, and claims of holders of exchange, shall have priority over all other claims, except federal, state, county and municipal

taxes, and, subject to such taxes, shall at the time of the closing of a bank be a first lien on all the assets of the banking corporation from which they are due and thus under receivership, * * * and, upon proof thereof, they shall be paid immediately out of the available cash in the hands of the receiver." In case of insufficiency of cash to pay the prior claims, provision is made for their payment out of the depositors' guaranty fund, which fund, by other provisions of the law, is given a first lien on all the assets of the bank for reimbursement.

By these provisions the evident intent of the legislature was to secure the payment of all declared prior claims before any of the assets of the bank were applied in settlement of the claims of general creditors. In the accomplishment of this purpose the initial step was the sequestration of all the assets of the bank by the department of trade and commerce and the transfer thereof to the guaranty fund commission. And to secure the complete accomplishment of that purpose, it was provided that the commission should retain possession of such assets as against any mesne or final process issued by any court against such bank or corporation.

It seems perfectly clear that, defendants' judgments having been rendered after the commission had taken possession of the bank's assets, by the positive language of the statute no execution thereon could be issued. But the defendants claim that, inasmuch as by section 8986, Comp. St. 1922, as amended by chapter 59, Laws 1927, it is provided that the lands of the debtor shall be bound for the satisfaction thereof from the date such judgments are. rendered, a lien is created thereon which is not dissolved by the subsequent appointment of a receiver.

In 15 R. C. L. 794, sec. 249, it is said:

"The general rule founded on the origin of the lien of judgments is that whatever real property has been made subject to execution is considered subject to the lien of the judgment on which the execution is issued, and conversely a judgment on which a seizure and sale of land is not

authorized is not a lien on the real estate of the defendant. A corollary of this principle is the rule that a judgment lien on realty extends no further than the debtor has power voluntarily to transfer or alienate his lands in satisfaction of his debt. Certain classes of judgments do not carry with them the right to issue execution. For the same reason such judgments cannot be said to have created any lien. Such are judgments against a sovereign state and judgments against municipal corporations." The rule thus stated seems reasonable, and applicable to the present situation where the lien is sought to be asserted against a department of the state exercising its statutory authority over banks. In *Baird v. Strobeck,* 54 N. Dak. 268, it was held that, under a statute providing "Every banking association in this state shall be exempt from the legal process of attachment and excution," a judgment against the bank did not become a lien upon its lands, applying the rule above quoted from R. C. L.; and this notwithstanding a general statute, as in this state, declaring judgments liens upon the real property of the debtor. True, the statute there applied to all banks, solvent or insolvent, but the withholding of process was said to be equivalent to a denial of the lien. But whether or not a technical lien resulted from the rendition of the judgment, it could only attach to the interest of the debtor. *Norfolk State Bank v. Murphy,* 40 Neb. 735; *Roberts v. Robinson,* 49 Neb. 717. If the interest of the debtor is subject to be defeated by a condition subsequent, the lien falls with the happening of the condition. *Hunter v. Citizens Savings & Trust Co.,* 157 Ia. 168. A judgment lien subject to a mortgage is extinguished by a sale on foreclosure. The interest of the bank, at the time defendants recovered their judgments, was subject to the prior claims of taxes, depositors and holders of exchange; and when the property was sold, her lien, if any, was wiped out.

In *Svoboda v. Snyder State Bank,* 117 Neb. 431, we held that the bank in the hands of the commission was subject to suit upon its contracts, with the qualification, "that by

such suits it is not sought to interfere with the possession of the assets of the bank or the distribution thereof." Now, if the defendants are permitted to retain a lien upon the bank's assets and thereby prevent the completion of a sale thereof in the process of liquidation, it would constitute an interference with the functions of the commission in the performance of its statutory duties. We think this should not be permitted. The evident purpose of the legislation under review was to preserve the assets of the bank *in statu quo* at the time the department of trade and commerce takes possession. It must follow that, as against the department and its successors, no creditor can acquire any right or lien upon the assets so impounded. It is explicitly provided that any attachment levied within 30 days prior to the taking possession by the department shall be discharged; but after possession taken it shall be retained as against any mesne or final process. Process is but a means of enforcing collection of the judgment; but, if the lien is allowed to interfere with the orderly process of liquidation, this amounts to an enforcement and is contrary to the spirit and intent of the law. If defendants acquired any rights under their judgment, they may be fully protected in the subsequent proceedings of the receiver by a transfer of his lien, if any, to the proceeds of the sale of the property, when, after all prior claims are satisfied, the rights of general creditors may be adjusted. Defendants' claims, as represented by the certificates of deposit, have been allowed against the guaranty fund, and the contest is over the difference between the interest allowed on the claims and the interest upon the judgments. If they are entitled to this difference as against other general creditors, it may be the subject of allowance in the receivership proceedings. This question, however, will not arise unless there is a surplus after all prior claims are paid. Also, a different question would be presented if the commission had determined that the bank was solvent, and had turned it back to the stockholders to be carried on by them.

Defendants cite *Arnold v. Weimer,* 40 Neb. 216, holding

that—"The property of an insolvent bank, prior to the appointment of a receiver therefor or putting the sheriff in possession thereof by order of a court or judge, is not exempt from seizure by attachment or other legal process at the suit of its creditors." But, as was pointed out in *Andrews v. Steele City Bank*, 57 Neb. 173, that decision was rendered prior to the enactment of section 24, ch. 8, Laws 1895, granting authority to the bank examiner, when ordered by the board, to take possession of the bank, and "to hold and retain possession of all money, rights, credits, assets, and property of any description belonging to such bank, as against any mesne or final process issued by any court against such bank," and stated that, in the case under review, "The property was in fact in the possession of the examiner and under the protection of the statute. Although perhaps that possession ought to have terminated, it had not in fact done so. It could not be disregarded." Furthermore, in the *Arnold* case, the exemption was declared only "prior to the appointment of a receiver" or "putting the sheriff in possession," which was the procedure at that time. Here the statute puts the department in possession.

*McBride v. Taylor*, 117 Neb. 381, was a case in which a creditor of the bank had obtained judgment against a bank taken possession of by the guaranty fund commission, and had issued execution on said judgment against the real estate of the bank. The action was brought to enjoin the levy of such execution, and the judgment of the district court enjoining the same was affirmed. It was there held that, in the absence of pleading and proof that the commission had held possession of the bank for an unreasonable length of time for the purpose of determining its solvency, the execution was unauthorized. The existence of a lien was not determined, it being unnecessary in that proceeding. The question of reasonableness of time is not presented by the pleadings in this case and, therefore, need not be discussed, although the commission has retained possession for nearly three years. This was a question of

fact, and as was said in the *McBride* case by Good, J.; "For aught that appears, they (the assets) might include properties widely separated in distance and of such a doubtful or peculiar nature or character that considerable time might be required to determine their value. Furthermore it might appear that the capital was to some extent impaired, and the stockholders of the bank were desirous of restoring the impaired capital, and what would be a reasonable time in which to restore the impaired capital could only be determined when all the facts and circumstances were known." The statute provides that, after the commission has been in possession for three months, any judgment creditor may compel the liquidation of the bank by application to the district court. The time thus fixed would seem to be a period which could not be held unreasonable, but the reasonableness of a longer period would depend upon all the circumstances of the case. It would further seem probable that the remedy provided by the act was exclusive. *Baird v. Strobeck*, 54 N. Dak. 268.

We conclude that, at least as against the department of trade and commerce, the guaranty fund commission, and the receiver of the Snyder State Bank, defendants' judgments are not liens upon the real estate of the bank, are clouds upon the title, and the judgment of the district court is correct.

AFFIRMED.